Grasavage Unemployment Compensation Case.

Argued September 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Patrick J. Toole, Jr.,* with him *Thomas F. Burke,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 15, 1962:

On July 29, 1961, Pauline J. Grasavage filed an application for unemployment compensation benefits based upon the termination of purported employment with the Tulsa-Esso Service Station, Pittston, Pennsylvania. This service station was allegedly operated by claimant's husband in partnership with his foster mother. Claimant's application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that her services were excluded from covered employment by the provisions of Section 4(L)(4)(4) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 753. This appeal followed.

Section 4 of the statute reads in pertinent part as follows: "The following words and phrases, as used in this act, shall have the following meanings ... (L) ... (4) The word 'employment' shall not include . . . (4) Service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of twenty-one (21) in the employ of his father or mother".

In the instant case the Referee reasoned as follows: "There is no question in the mind of the Referee that the claimant's employment was questionable. The records indicate that she was not permanently employed and whether or not she performed any work was not definitely determined. The fact is that she was employed by her husband". In affirming the Referee's decision, the Board of Review found that, while the service station was allegedly a partnership, claimant was in actual fact employed by her husband. Appellant's contention before us is that her employer was not her husband as an individual, but as co-owner of a separate business entity, namely, the alleged partnership.

Appellant argues that a claimant may be denied benefits only by explicit language in the statute, citing

*McFarland Unemployment Compensation Case,* 158 Pa. Superior Ct. 418, 45 A. 2d 423, and *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A. 2d 906; further that, for limited purposes, a partnership may be treated as an entity separate from its members, citing *Quaid v. Tax Review Board of Philadelphia,* 188 Pa. Superior Ct. 623, 149 A. 2d 557, and *McElhinney v. Belsky,* 165 Pa. Superior Ct. 546, 69 A. 2d 178. The cases cited do not control the instant appeal. Appellant would also have us interpret the amendment of September 14, 1961, P. L. 1301, set forth in the footnote,[1] as a recognition by the legislature "that prior law did not provide that services, as here involved, did not constitute employment". On the contrary, this amendment was intended to correct the inequity which resulted from the payment of unemployment tax on services excluded from covered employment. Cf. *Bernstein Unemployment Compensation Case,* 197 Pa. Superior Ct. 324, 178 A. 2d 831. It is our view that the Board was warranted under the circumstances in finding that claimant was in fact employed by her husband within the meaning of the statute.

There is a serious doubt in the instant case whether a partnership did exist. The burden of proof in this regard was upon the claimant: *Kirshon v. Friedman,* 349 Pa. 171, 36 A. 2d 647. In ascertaining whether a partnership exists, it is necessary to consider all the attending facts and circumstances: *Muchow v. Schaffner,* 180 Pa. Superior Ct. 413, 119 A. 2d 568. The unemployment compensation authorities caused a complete

---

[1] This amendment provides that the term "wages" shall not include: "(10) The amount of any payment made after October first, 1961, to an individual by any corporation, partnership, association or other business entity in which fifty per centum (50%), or more, of the proprietary interest is owned by such individual, his spouse, father, mother, brother, sister, or any combination of such persons, unless the tax imposed by the Federal Unemployment Tax Act is payable with respect to such payment or payments".

investigation to be made of the business operated as Tulsa-Esso Service Station. The result of this investigation is detailed in the record. It does not disclose any interest whatever in the foster mother. No partnership agreement was exhibited, and there was no partnership bank account. The foster mother was not even called as a witness. It seems apparent that the business was actually operated as an individual proprietorship. In fact, the case of *Commonwealth v. Grasavage,* 27 Pa. D. & C. 2d 315, decided by the Court of Common Pleas of Luzerne County, discloses that the official inspection permit was issued in the individual name of Edward J. Grasavage.

The unemployment compensation authorities are not required to ignore the true state of affairs, but may look into the business entity to determine whether or not there exists in good faith the employer-employe relationship which is contemplated by the Unemployment Compensation Law: *DePriest Unemployment Compensation Case,* 196 Pa. Superior Ct. 612, 177 A. 2d 20; *DiGregorio Unemployment Compensation Case,* 197 Pa. Superior Ct. 562, 179 A. 2d 665. The findings of the Board as to the facts, if supported by the evidence, are binding on appeal: *Irvin Unemployment Compensation Case,* 198 Pa. Superior Ct. 308, 181 A. 2d 854.

Decision affirmed.