## Burke Unemployment Compensation Case.

Argued November 14, 1962. Before RHODES, P. J.,
ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD,
JJ. (WOODSIDE, J., absent).

*Irene Burke,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with
him *Raymond Kleiman,* Deputy Attorney General, and
*David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 12, 1962:

Irene Burke was last employed as a sales clerk by
Rosen's Drug Store, Pittsburgh, Pennsylvania. Her
final day of work was December 30, 1961. Her appli-
cation for benefits was disallowed by the Referee and
the Board of Review on the ground that her unemploy-

ment was due to her discharge for wilful misconduct connected with her work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.

The Board of Review made, inter alia, the following findings of fact: "2. The claimant did not work on the Christmas holiday and the employer, in order to equalize days off for holidays among all his employes, changed claimant's work schedule so that she was to work on New Year's Eve. 3. The claimant refused to accept the change in assignment, advising the employer she would not work as scheduled, whereupon she was dismissed". The findings of the Board as to the facts, if supported by the evidence, are binding on appeal: *Grasavage Unemployment Compensation Case*, 199 Pa. Superior Ct. 396, 186 A. 2d 46. Our examination of this record discloses that the controlling findings are fully supported by the evidence. Claimant's refusal to comply with her employer's reasonable request that she perform a short period of holiday work constitutes wilful misconduct. Cf. *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A. 2d 452; *Armstrong Unemployment Compensation Case*, 179 Pa. Superior Ct. 488, 118 A. 2d 217; *Morgan Unemployment Compensation Case*, 176 Pa. Superior Ct. 297, 106 A. 2d 618.

Decision affirmed.