Harmer Unemployment Compensation Case.

Argued June 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Thomas A. White,* with him *White, Kelly & Gennetti,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., September 16, 1965:

In this unemployment compensation case the Bureau of Employment Security determined that the claimant-appellant, Vivian Harmer, to be eligible for benefits; the referee reversed and the Unemployment Compensation Board of Review affirmed the referee holding that she was disqualified under §402(e) of the Unemployment Compensation Law, 43 PS §802(e), on the basis that she was discharged because of wilful misconduct in connection with her work.

The claimant was last employed as a packer at the National Bakery of The Great Atlantic & Pacific Tea Company, Inc., Philadelphia, Pennsylvania, on September 19, 1964 when she was temporarily laid off due to lack of work. The claimant was then employed on an "on call" basis which required her to report for work as needed and when requested. She was called on September 25, 1964 to report for work on September 27, 1964. She contacted the employer and informed him that she could not report for work on September 27, 1964 because her daughter was being married on September 26, 1964. The employer instructed her that if she did not report she would be discharged. She also testified that as a result of the excitement of the wedding she suffered an attack of hives but the fact finders did not believe this testimony. She failed to report and was discharged.

We do not believe that the conduct of this "on call" employee who had advised her employer in good time that she couldn't work on the day following her daughter's wedding because of her many duties as the mother of the bride, the excitement of the occasion and the entertainment of the wedding guests was such con-

duct as to fall within the judicial interpretation of the standards applicable to wilful misconduct as set forth in a long line of decisions by this Court. The definition contained in American Jurisprudence Vol. 48, Section 38, pages 541, 542, has been cited with approval in *Curran Unemployment Compensation Case*, 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956), and reads as follows: "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

If she had been a regular employee so that her employer was depending on her regular appearance for work her conduct may well have fallen within the above definition as failing in her duty to the employer's interest; but she was an "on call" employee who did not know when she would be called or when she would be requested to report for work, and unfortunately the call came for the Sunday following her daughter's wedding. It seems to this Court that, under these circumstances, her request to be excused from reporting was a reasonable one and the notice was given in plenty of time to take her out of the charge in failing in her duty to her employer's interest.

The decision is reversed.

———

DISSENTING OPINION BY WRIGHT, J.:
Although this case may not seem to be of sufficient consequence to warrant a dissent, I think it is im-

portant to express my view that, as a matter of policy, we should refrain from interfering with factual determinations by the Board of Review. There is more to this record than the majority opinion indicates. Claimant was notified by telephone that, if she did not report for work as scheduled on September 27, 1964, she would be discharged. The telephone call was made in the presence of the union representative, who concurred in the company's decision. Claimant's attendance record was poor, and on several prior occasions she had refused to report for work when called. I would affirm the Board's decision.

President Judge ERVIN joins in this dissenting opinion.