Nick Harbutz, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

236

Argued September 11, 1973, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Neal R. Cramer,* with him *Jubelirer, McKay, Pass & Intrieri,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 3, 1973:

Nick Harbutz, Jr. (Harbutz) was denied unemployment compensation benefits as a result of a referee's

determination that Harbutz had been discharged for willful misconduct. The Unemployment Compensation Board of Review affirmed the referee's decision and this appeal followed. We affirm.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides:

"An employee shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Although Section 402(e) does not define the term "willful misconduct," we have accepted the definition approved in *Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965) : " 'Misconduct within the meaning of an unemployment compensation excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' " *See Fields v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 200, 300 A. 2d 310 (1973).

Harbutz was last employed as a bartender by the Finleyville Hotel, Finleyville, Pennsylvania, and was in its employ from March, 1968 through March 18, 1972. The referee found that Harbutz was discharged

on March 18, 1972 for his failure to do the work assigned according to instructions. The president of the Finleyville Hotel testified that Harbutz arrived late for work on a regular basis. The tardiness was five minutes, ten minutes, or fifteen minutes, every work day. Also, there was testimony before the Board that Harbutz was instructed to close the bar at 2 a.m., but would, contrary to this instruction, close on occasions at 1 a.m. or 1:30 a.m. The record discloses testimony that Harbutz was repeatedly warned that if he continued his conduct in these respects he would be discharged.

Reporting late for work habitually and refusing to follow reasonable instruction relative to the time when the bar should be closed constituted willful misconduct justifying a denial of benefits under Section 402(e) of the Unemployment Compensation Law. *Woodson v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 526, 300 A. 2d 299 (1973).

Our scope of review in unemployment cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board to determine. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973). An examination of the record discloses that the findings of fact of the referee which were adopted by the Board are supported by the evidence. Therefore, we affirm the Board's order denying Harbutz unemployment compensation and disallowing further appeal.

Order affirmed.