Mary Homony, Appellant, *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Appellee.

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Michael D. Fioretti,* with him *Lorch, Ryan, Peruto, Vitullo & Tinari,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, November 28, 1973:

Mary Homony had been employed by Globe Ticket Company as a rewinder and inspector since 1963. In

March of 1971, she suffered a back injury which caused her to miss work from March to May and from July 2, 1971, to February 17, 1972, at which time her employment was terminated by her employer. Her termination resulted from her failure to contact her employer during her seven-month absence and was pursuant to a provision in the contract between her union and her employer which called for termination for, *inter alia*, absence from work due to sickness in excess of seven months. From July to December, 1971, Mrs. Homony received sick benefits from her employer's insurance fund.

Mrs. Homony was denied unemployment compensation benefits as a result of a referee's determination that she had been discharged from her employment for "willful misconduct." The Unemployment Compensation Board of Review (Board) affirmed. Upon request of Mrs. Homony, the Board re-opened her case and held a second hearing before a referee. On November 28, 1972, the Board re-affirmed the original decision and order of the referee. This appeal followed. We affirm.

Our scope of review in unemployment cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board to determine. *Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973).

The referee found, *inter alia,* that Mrs. Homony did not contact her employer during her seven month absence, and more particularly upon the expiration of her sick benefits, to give any information as to whether or not she intended to return to work.

Mrs. Homony does not dispute this or any of the other findings made by the referee and adopted by the

Board. Her sole argument and, therefore, the only issue before this Court is whether or not the Board's findings support its legal conclusion that her absence and failure to contact her employer during a seven month period constituted "willful misconduct."

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Although Section 402(e) does not define the term "willful misconduct," we have accepted the definition approved in *Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965) : " 'Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of standards of behavior which the employer has the right to expect of his employee,* or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' " (Emphasis added.) *See Harbutz v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 309 A. 2d 840 (1973).

Mrs. Homony argues that a determination of "willful misconduct" must be based on a finding that her conduct was "an act of wanton or willful disregard of the employer's interest." This is not the law. As emphasized in the above quotation from *Harmer,* "willful

misconduct" also includes "a disregard of standards of behavior which the employer has the right to expect of his employee." Indeed, an intent to wrong the employer is not necessary, and a conclusion of "willful misconduct" may be based on a finding of a *conscious indifference to the duty owed the employer.* (Emphasis added.) *See McCullough Unemployment Compensation Case,* 197 Pa. Superior Ct. 389, 178 A. 2d 813 (1962).

We think that it is the duty of an employee to maintain reasonable communication with his employer during a period of prolonged absence. We hold that Mrs. Homony's failure to contact her employer during her seven-month absence, and particularly during the 40 day period following the termination of her sick benefits, was unreasonable and therefore a breach of the duty she owed her employer. Her conduct therefore, satisfies the above definitions and constitutes "willful misconduct" under the Unemployment Compensation Act.

We therefore issue the following

## ORDER

AND NOW, November 28, 1973, the Order of the Unemployment Compensation Board of Review as to the claim of Mary Homony is hereby affirmed.