Gail E. Druzak, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Neal E. Newman,* with him *Irwin S. Lasky,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 8, 1974:

From May until November 18, 1972 appellant was employed as a sales person and assistant manager of a retail store in the Neshaminy Shopping Mall, Cornwells Heights, Pa. When she was employed she was told, according to her own testimony, that she was to work "Approximately a 40 hour week. Either 10 to 6 or 1 to 9:30." The evidence indicates she usually worked 3 days on the 1 to 9:30 schedule and 2 days on the 10 to 6. She had ½ hour off for lunch. She was paid $85.00 a week to start and received a $10.00 a week raise during the period, making $95.00 a week at the time of her termination.

Just prior to Thanksgiving her employer notified her that during the period between Thanksgiving and Christmas the rules of the Mall required that the store remain open until 10 o'clock. Under the schedule she usually worked, this would add 1½ hours to her week. Allowing for ½ hour for lunch, this would make a 40½ hour week during the month of December, whereas the 11 other months of the year she would be working a 39-hour week. She testified she was perfectly willing to do it, that there were no personal reasons that she did not want to work, she did not have any home obligations, and that the place of business was "just a few minutes" away from where she lived. The only reason that she had for refusing to work what she considered to be an extra 1½ hour a week was that she was not being paid for it.

Again, from appellant's testimony, when she refused to work the additional time without additional compensation, her employer told her: "He said well we will just have to let you go then because, you know, if you don't work, then nobody else will." Therefore, it

must have been quite apparent to appellant that she was being treated in the same manner as all the other employees in the store, even though she was in a supervisory capacity as assistant manager.

Appellant was denied unemployment compensation by the Bureau, the Referee, and the Board for the same reason, i.e., Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P. L. (1937) 2897, as amended, 43 P.S. §802(e) which provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for wilful misconduct connected with his work. . . ."

There seems to be agreement on all the relevant facts in this case. The only question for determination is whether appellant's conduct in refusing to work the additional ½ hour, 3 days a week during the Christmas shopping season, without additional compensation, was justified or was wilful misconduct. Under the circumstances in this case, we must agree with the Board, the Referee, and the Bureau, that it was misconduct and we, therefore, affirm.

Consistently, and as recently as October 3, 1973, this Court has adopted the definition of misconduct as set forth by the Superior Court in *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965) : "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or re-

currence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." See Judge MENCER'S Opinion in *Harbutz v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 309 A. 2d 840 (1973).

Although the circumstances in this case seem unusual, strikingly similar facts were presented to the Superior Court in *Burke Unemployment Compensation Case,* 199 Pa. Superior Ct. 565, 566, 186 A. 2d 425, 426 (1962), wherein the court denied unemployment compensation for a clerk who was discharged because she was unwilling to work on the New Year holiday. "Claimant's refusal to comply with her employer's reasonable request that she perform a short period of holiday work constitutes wilful misconduct."

Obviously, the matter comes down to a question of what is reasonable. Using the guidelines set forth in the above cases, as well as *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452 (1958), and *Armstrong Unemployment Compensation Case,* 179 Pa. Superior Ct. 488, 118 A. 2d 217 (1955), each case must be decided on its own facts. Here we have an individual employed as a sales person and assistant manager who agrees she was employed to work approximately 40 hours a week and is now asked to work 40½ hours a week during 1 month as opposed to 39 hours a week during the other 11 months. In addition, in this case it seems quite clear that the precise hours to be worked were not "of the essence" for the term "approximately" was used. Additionally, appellant testified affirmatively that it did not constitute an inconvenience to her to do it. Under these circumstances the request was entirely reasonable and the refusal constituted wilful misconduct.

Accordingly, we enter the following

## ORDER

Now, March 8, 1974, the Order of the Unemployment Compensation Board of Review, dated June 26, 1973, denying the claims for unemployment compensation filed by the appellant in this case is hereby affirmed.