Robert L. Brooks, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*John D. Newborg,* with him *Nicholas Mamone, Jr.,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General,

and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., July 25, 1978:

Robert L. Brooks (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits.

The findings of fact as resolved by the Board indicate that Claimant was last employed by the Sharon Tube Company (Employer) as a laborer until June 4, 1975. Due to domestic difficulties, Claimant was unable to report for his next scheduled day of work, June 5, and Employer was so notified. Claimant was next scheduled to report to work on June 9, 1975. He contacted Employer by telephone that morning and was advised that he had been given a five-day disciplinary suspension for his failure to report to work on June 5, as well as his repeated past absences. Claimant again contacted Employer on June 9 and informed the latter that he was terminating his employment since his wife no longer wanted him to work.

Based upon these facts, the referee found Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The Board, upon appeal, noted that "considerable confusion" in the record existed as to whether Claimant resigned his position or was fired due to a conflict in the testimony. The Board explicitly resolved the question of credibility in favor of Employer, finding that Claimant voluntarily terminated his employment on June 9. Accordingly, the Board modified the referee's decision and held Claimant ineligible for benefits under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1), rather than Section 402(e). We affirm.

Upon appeal to this Court, Claimant contends that substantial evidence of record fails to support the Board's finding that Claimant notified Employer on June 9 that he was terminating his employment. A careful scrutiny of the record, however, reveals more than adequate support for this finding. In response to a question by the referee, Employer's Personnel Director testified that

> [Claimant] called me at work and said that his wife didn't want him to work anymore and that he was terminating his employment.

This witness was later questioned by the referee, subsequent to Claimant's testimony.

> Q [D]o you recall the telephone call from the claimant that you have testified that he said he quit? Now you have heard the claimant's testimony.
>
> A Yes, I do. I recall it.
>
> Q That he did not quit?
>
> A No, he told me that he was going to quit. His wife didn't want him to work. She was going to take care of him. That's the exact words. He might even have mentioned something about going into the cement business.

As our Supreme Court wrote in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977):

> It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. . . . The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giv-

ing that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. Furthermore, a claimant who alleges that he or she terminated employment for necessitous and compelling reasons, has the burden of establishing the existence of such reasons. (Citations omitted.) Based upon this standard of review, and our careful scrutiny of the testimony, we are compelled to affirm. Accordingly, we

ORDER

AND Now, this 25th day of July, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.