Hahn Machinery Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 25, 1978, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*John F. McDevitt, Jr.,* with him *O'Brien and O'-Brien Associates,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *William J. Kennedy,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 20, 1978:

Hahn Corporation (employer) appeals from a revised decision of the Unemployment Compensation Board of Review (Board) awarding benefits and vacating the Board's original decision[1] under which compensation was denied by reason of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended* (Law), 43 P.S. §802(e), which bars benefits when unemployment is due to discharge for "willful misconduct."

Employer contends that the revised decision to award compensation is not based on substantial evidence and that the Board capriciously disregarded competent evidence offered by the employer, and relied on incompetent hearsay evidence introduced by the employee in reaching its decision to award compensation.[2]

---

[1] Claimant originally appealed the referee and Board's decisions denying benefits to this court, and we remanded the record to the Board for additional testimony, and the reconsideration of its decision.

[2] The evidence objected to by employer was in the form of a complaint to the Pennsylvania Human Relations Commission, filed by claimant, alleging discrimination on the basis of race, and an amended complaint alleging retaliatory termination. The record

Our duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found—giving the benefit of all inferences that can logically and reasonably be drawn from the testimony—in order to determine if substantial evidence for the Board's conclusion exists. *Taylor v. Unemployment Compensation Board of Review*, 479 Pa. 351, 378 A.2d 829 (1977).

The Board's original decision had been based on the referee's finding that claimant had "loud and boisterous" words with his employer after being reprimanded and that such conduct constituted willful misconduct that disqualified claimant from securing benefits.

This court has developed guidelines for use in the determination of whether conduct amounts to willful misconduct which precludes benefits under Section 402(e).

In *Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 237, 309 A.2d 840, 841 (1973), we stated the following definition of willful conduct:

> ' ". . . an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior, . . . or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." '

shows that the introduction of this document was not for proof of the truth of the discrimination charges, but for the purpose of bolstering claimant's contentions that there was growing antagonism between him and his employer after the filing of the original complaint, a factor leading up to his discharge on May 15, 1978.

*See: Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A.2d 221, 223 (1965).

This court, in remanding the Board's first order, held that the Board erred as a matter of law in finding claimant ineligible for compensation benefits on less than substantial evidence.

After rehearing before the referee, the Board reversed itself and held that claimant's conduct was not the kind that would disqualify him under Section 402(e). It is the employer's burden to prove that the employee is ineligible for benefits because of willful misconduct. *Gallagher v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). We hold that he has not met that burden in this case.

The employer alleges that the Board capriciously disregarded competent evidence of the claimant's willful misconduct. The testimony at the hearing reflects the multiple reasons surrounding claimant's discharge. Employer, Hahn, Jr., testified that:

> Terminating him was because of his poor work, his hollering and his opinion of all the men that worked with me.[3]

---

[3] The first referee's finding was that claimant engaged in a "verbal altercation with the employer in a loud and boisterous voice, using foul language and directing derogatory remarks to his co-workers" after being reprimanded by the employer for his poor work.

The referee concluded that this type of behavior constituted a breach of the employer's standards, so inimical to the employer's best interests that discharge was a natural result.

In *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974) we held that abusive language addressed to one's superior may amount to willful misconduct depending on the circumstances. In this case where claimant had already been discharged for poor work performance we cannot say that abusive language addressed to his superior or his co-employees (out of hearing) constitutes the willful misconduct which disqualifies an employee from receiving benefits.

It is the Board's function to evaluate the competence and credibility of the testimony. A reading of the entire record indicates that the Board's findings are founded on substantial evidence.

We therefore affirm the decision of the Board awarding claimant benefits.

### ORDER

AND Now, this 20th day of December, 1978, the order of the Unemployment Compensation Board of Review awarding claimant benefits is affirmed.