Isabell Y. Neff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Salli A. Swartz,* with her *Merle Ebert,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 13, 1979:

This is an appeal by Isabell Neff (claimant) from an order of the Unemployment Compensation Board of Review (Board), denying claimant benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e),

the section which mandates ineligibility where the job separation is due to willful misconduct.

Claimant was last employed as a barmaid at the Boulevard Cafe. Her last day of work was September 10, 1977.

Claimant applied to the Bureau of Employment Security for unemployment compensation benefits. The Bureau denied benefits, citing Sections 401(d) of the Law, 43 P.S. §801(d) (claimant must be able and available for suitable work), and Section 402(e) of the Law, 43 P.S. §802(e) (willful misconduct).

Claimant appealed the Bureau's determination, and had a hearing before a referee. Claimant was the only witness to appear.

The referee found that claimant had been "employed from 7 a.m. to 1 p.m.," six days a week, and that her employer wanted to *change* claimant's hours to 6 p.m. to 2 a.m. The referee further found that claimant indicated that she was unable to work the new hours, and that she "was desirous of being off work every other Saturday for the purpose of attending football games." The referee's fifth finding of fact was: "When the claimant was unable to work the hours and the days assigned to her by the employer she was terminated."

On the basis of those findings of fact, the referee ruled that claimant was discharged for willful misconduct in connection with her work, and therefore was ineligible under Section 402(e) of the Law.

Claimant appealed to the Board, which affirmed the referee's denial of benefits under Section 402(e). However, the Board substituted its own findings, which were:

1. Claimant worked last with the Boulevard Cafe, Harrisburg, Pennsylvania, as a barmaid at $3.00 per hour. Her last day of work was 9-10-77.

2. The claimant was discharged from her employment when she refused to continue to order supplies.

3. Ordering supplies was within the scope of claimant's employment duties.

Claimant appeals here from the Board's determination.

Our scope of review in unemployment compensation cases is limited to a determination of whether all necessary findings are supported by substantial evidence, or whether an error of law has been committed. Whether the facts found below constitute willful misconduct is a question of law, and the employer has the burden of proving willful misconduct. *Bickling v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 619, 333 A.2d 519 (1975).

Here, claimant's employer did not appear at the hearing. The only information from her employer which the referee and the Board had was Form UC-45, a notice of application and request for separation information, on which the employer stated that claimant's separation was temporary. The employer's written reason for the separation was that "employee could not work hours/days needed. Will recall when schedule permits."

It is true that, at the hearing, claimant testified that she was laid off after she left a note to her employer informing him that she would no longer order supplies, which she had been doing for the previous 2 1/2 months. However, a careful reading of claimant's testimony convinces us that, after leaving the note on the cash register, claimant never discussed its contents with her employer. In fact, claimant testified that she was told by the manager of the cafe that she was being temporarily laid off pending a

rescheduling of the shifts. Her testimony concerning the ordering of supplies cannot sustain her employer's burden of proof of willful misconduct, because there is no evidence that the employer has ever claimed to claimant or anyone else that the ordering matter was the reason for her separation. Hence, the Board's substituted findings were not supported by substantial evidence.

Also, the Board's affirmance of the referee's conclusion of willful misconduct constituted an error of law. Willful misconduct, as used in Section 402(e) of the Law, requires (1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which the employer has the right to expect from an employe; or (4) negligence which manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Bickling, supra.* Even if we assume that the referee's findings of fact are supported by substantial evidence, the fact that claimant indicated that she was unable to change the shift, for which she had been employed, and that she "was desirous" of having some Saturdays off to attend football games, does not satisfy any of the above elements of willful misconduct.

Therefore, the record does not support a determination of willful misconduct, and we must reverse the Board.

ORDER

AND Now, this 13th day of November, 1979, the decision of the Unemployment Compensation Board of Review, decision No. B-153556, dated February 14, 1978, is vacated, and the case is remanded to the Board for computation of benefits.