Plummer Askew, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*David Freeman,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 22, 1981:

In this unemployment compensation appeal, the claimant[1] questions the board's[2] affirmance of a referee's decision which denied compensation on the basis of the willful misconduct provision of the Unemployment Compensation Law.[3]

The employer discharged claimant January 12, 1979 for being absent from work on January 9, 1980, without reporting off.

Claimant contends that his failure to report off on January 9, 1979 did not constitute an act of willful misconduct because he was visiting his parole officer, as his employer knew he was required to do on the second Tuesday of every month.

However, according to the record, the claimant testified that before January 9, 1979, he had not visited his parole officer for three months.[4] That tes-

---

[1] Plummer Askew.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[4] QR: All right. Now the last absence I guess was the 9th, it was probation. Why did you have to go? What was the hurry you had that day? Why did you have . . .

AC: Because see, you have to report to them every so often. And that was the beginning of the month. The 9th . . . I mean I hadn't been to him for like 3 months.

. . . .

QR: How often did you have to report to

AC: Once a month.

QR: Well, why did you have to go on the 9th? Is that the only day?

AC: It's 2nd Tuesday of every month.

timony, evidencing no actual pattern on which the employer could rely, precludes this court from deciding that the employer knew or should have known the reason for claimant's absence. Hence, the claimant's failure to report off cannot be excused.

A single act of misconduct may constitute willful misconduct and preclude the receipt of unemployment compensation benefits. *See Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974). Here the claimant's own testimony was sufficient to support the conclusion reached by the referee.[5]

Accordingly, we affirm the decision of the board.

ORDER

AND Now, January 22, 1981, the August 22, 1979 decision of the Unemployment Compensation Board of Review is hereby affirmed.

_____

[5] Where, as here, the party with the burden of proving willful misconduct prevails before the referee, our scope of review is limited to whether there is sufficient competent evidence to support the findings of fact. *Brooks v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 6, 388 A.2d 799 (1978).