Michael T. Pandola, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 5, 1981, to Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Terry L. Fromson,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., August 18, 1981:

Claimant had been employed pumping gas for Yellow Cab (employer) until he was discharged in February, 1980. In acting upon his application for benefits, the Bureau of Employment Security found him ineligible for benefits and liable for recoupment of those payments he had already received. Claimant appealed the decision to the referee, who affirmed both that portion of the Bureau determination which held him ineligible under Section 401(d) of the Pennsylvania Unemployment Compensation Law (Act)[1] because he was not realistically attached to the labor market during the weeks in question, and that portion dealing with recoupment. Claimant appealed to the Unemployment Compensation Board of Review (Board), which affirmed the decision of the referee in

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

a detailed Order. Again claimant appealed, asking this Court whether, as a matter of law, his conduct during the period prior to the hearing negated his attachment to the labor force, and whether he can be found liable for recoupment under Section 804(a) of the Act, 43 P.S. §874(a).

The Board made six findings of fact in this case, of which three are material to this appeal.

3. The claimant was discharged by his employer for missing too much time. However, the claimant reported off his absences, and he had a valid excuse for each absence.

4. During the claim weeks at issue, the claimant was not available for work because he was waiting for a resolution of his unemployment compensation claim.

. . . .

6. The claimant informed the Office of Employment Security at the time that he initially filed for benefits that he was 'laid off' due to 'lack of work.'

In an unemployment compensation case, our scope of review

in the absence of fraud, is confined to questions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence, and giving to the prevailing party the benefit of any favorable inferences which can reasonable and logically be drawn therefrom.

*Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 178, 316 A.2d 110, 111 (1974). Our review of the record indicates that evidence was presented to substantiate each of the findings above.

Neither the employer nor his representative appeared at the hearing. Claimant's own testimony, combined with the initial application signed by claimant, support all the pertinent findings. In response to questioning by the referee, claimant testified that the day superintendent of his garage called him into the office, and told him that they were letting him go because he was missing too much time. Subsequently, claimant testified that he had not been looking for work because he was waiting to see what the outcome of the hearing would be. He further indicated a hope that his appeal would cause the employer to take him back. When confronted with the application upon which he had written that he was "laid off" because of "lack of work," and asked by the referee to reconcile his testimony with the document, claimant stated that he "figured that it would be the same thing. . . ."

Precedent is clear that "the question of a claimant's availability for work in an unemployment compensation case is one of fact for the Board." *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 81, 368 A.2d 1367, 1368 (1977). This Court is bound to accept those findings made by the Board which are based on a record, such as this, which contains substantial evidence to support them. *Brooks v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 6, 388 A.2d 799 (1978).

Since our examination of this case satisfies the Court that the conclusions of law drawn by the Board from the facts were correct, we hereby affirm the Decision and Order of the Board.

## Order

And Now, this 18th day of August, 1981, the Decision and Order of the Unemployment Compensation Board of Review, No. B-186498, is hereby affirmed.