Tamara L. Ungard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

128

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Paul Porell*, with him *Lenore M. Urbano*, for petitioner.

*Joel G. Cavicchia*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 3, 1982:

Tamara L. Ungard (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which, pursuant to Section 402(e) of

the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), and because of her willful misconduct, affirmed a referee's denial of benefits. The Board also found that the claimant was the recipient of a fault overpayment subject to recoupment pursuant to Section 804(a) of the Act, 43 P.S. §874(a).[1]

The claimant was hired as a full-time waitress by Soup & Scoop (employer) and had worked for approximately six weeks prior to her discharge on October 13, 1979. The Board found, *inter alia,*:

2. The claimant was dismissed on October 13, 1979, because she had restricted her availability for work and she would not follow her employer's instructions concerning the service of customers.

3. The claimant had been hired as a full-time employee and had indicated at her time of hire that she could work nights and weekends. However, in mid-September she informed her employer that she could not work Monday, Tuesday or Thursday nights, all of which were scheduled working days because she would be attending classes on these evenings.

4. The claimant had been warned previously concerning her improper service of customers and her improper utilization of time. However, despite receiving explicit instructions on how the work should be performed she ignored her

---

[1] Inasmuch as the claimant has not appealed the part of the Board's order which mandated the recoupment of the $58.00 fault overpayment, that issue is not presently before us. We note in passing, however, that the referee's error in ordering recoupment pursuant to Section 804(b) of the Act was rectified by the Board's conclusion of law that the $58.00 was subject to recoupment pursuant to Section 804(a) of the Act.

employer's instructions and served the customers as she saw fit. This caused customer dissatisfaction and a waste of employee time.

When the claimant's work performance did not improve thereafter, she was discharged. She filed for benefits, giving "cut ½ hours" as the reason for her separation, and she thereafter received $58.00 in benefits for the claim week ending October 20, 1979. The Office of Employment Security (Office) subsequently denied benefits and established that the $58.00 already paid to the claimant constituted a recoupable overpayment. Following a hearing, the referee affirmed the Office. The Board, without taking additional evidence, affirmed the referee. This appeal followed.

Where the employer, who has the burden of proving willful misconduct, has prevailed below, our scope of review is limited to determining whether or not the findings of fact are supported by substantial evidence or whether or not an error of law was committed, *Neff v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 296, 407 A.2d 936 (1979), and the evidence thus evaluated must be examined in the light most favorable to the prevailing party, giving it the benefit of all inferences which can logically and reasonably be drawn therefrom. *Brooks v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 6, 388 A.2d 799 (1978). Although the Board's findings must be affirmed if supported by substantial evidence, a determination of what constitutes willful misconduct is a question of law to be resolved by this Court. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979).

The claimant contends that the testimony necessary to support finding number 3 was hearsay and, consequently, incompetent evidence, citing the employer's

testimony with regard to the claimant's disinclination to work: "As late as September 21, 1979, Tammy informed our manager she was not available for employment on those nights." And it is well-settled, of course, that "[h]earsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board" and that "a finding of fact based *solely* on hearsay will not stand." *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976) (emphasis in original). The evidence here was not objected to and other testimony of the employer was sufficient to overcome the assertion of hearsay:

Q. You're saying after she was hired she advised you she was not available certain times, Monday, Tuesday and Thursday?

A. That is correct.

Q. Did she tell you why?

A. Yes. There were classes, evening classes she was involved with.

In addition, the claimant answered in the affirmative when asked if she had requested or notified her employer that she would not be available at certain times because she was going to school. Her only reference to informing a superior other than her employer was her testimony that she had informed the head hostess upon learning that her classes would be held only on Monday nights. The claimant, by her own testimony that she had notified her employer has "voluntarily carried the employer's burden." *Rodgers v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 552, 555, 397 A.2d 1286, 1288 (1979), and we, therefore, need not further address the hearsay question. Although there was conflicting testimony on the part of the employer and of the claimant, there was sufficient substantial evidence to support the finding made. Questions of credibility and

evidentiary weight are for the referee and the Board, and they, in the exercise of their discretion, found the testimony of the employer to be more credible than that of the claimant. We, therefore, cannot disturb this finding upon review. *Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981).

The claimant also contends that the employer failed to meet his burden of establishing that she was discharged for willful misconduct and argues that any deficiencies in her job performance were the product of ineptitude rather than of an intentional disregard of the employer's interest on her part. She contends, therefore, that they did not rise to the level of willful misconduct. It is well-settled, of course, that "before the actions of an employe can constitute willful misconduct, the employe must display a serious disregard of his responsibilities to his employer, in a manner that is in some real sense detrimental to his employer's interests." *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 154, 333 A.2d 815, 818 (1975). It is also true that a finding of "intent to wrong the employer is not necessary and a conclusion of 'willful misconduct' may be based upon a finding of conscious indifference to the duty owed the employer," *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 145, 312 A.2d 77, 78 (1973) (emphasis deleted), and mere incompetence, inexperience, or inability which may indeed be sufficient to justify discharge, will not constitute willful misconduct. *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977). Yet the claimant testified here that she had performed her work to the best of her ability and it is true that even repeated incorrect listing of orders and totaling of checks listed by the employer as one of the

reasons for discharge could be susceptible to being viewed as mere incompetence or inability. Neither the referee nor the Board, however, relied upon these inadequate grounds. The Board, instead, chose to rely upon the employer's testimony that despite the claimant's having been reprimanded repeatedly about her poor work performance, she resisted changing her mode of operation. She continued instead to ignore her instructions and persisted in serving customers in the manner that she, rather than the employer, deemed appropriate. The employer advised her by a letter dated September 29, 1979 that at the completion of the requisite six-week trial period, it was determined that she had not met the standards of performance and punctuality expected and required of a waitress and that she was, therefore, to be dismissed as of October 13, 1979. He concluded, "We will continue to work closely with you during the next two weeks ... and if you show a marked change will reconsider our decision." When no substantial improvement in performance or attitude occurred, the claimant was discharged. We believe that her conduct and attitude reflected the "conscious indifference to the duty owed the employer," *Homony*, 11 Pa. Commonwealth Ct. at 146, 312 A.2d at 78 (emphasis deleted), necessary to support a finding of willful misconduct. Here, as in *Wetzel*, 29 Pa. Commonwealth Ct. at 199-200, 370 A.2d at 417, "there is substantial evidence in the record to support the Board's findings that [the claimant] simply disregarded the prior warnings and instructions; that is, she chose to neglect her duties."

The order of the Board is, therefore, affirmed.

### ORDER

AND, Now, this 3rd day of March, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.