## Fedula v. Fedula

*Thomas D. Dell,* for plaintiff.
*Albert J. Meier,* for defendant.

REINAKER, *J.*, July 28, 2010—On December 11, 2003, the plaintiff, Michael Fedula, filed this action alleging that a partnership existed between himself and his brother, the defendant. On February 24, 2010, a hearing was held before this court to determine whether a partnership existed. The court finds that a partnership did exist between Michael Fedula, and his brother Stephan Fedula.

In 1979, the plaintiff, his defendant brother and David Farber leased a garage at 5th and Greenwood in Philadelphia. Their business involved buying used cars, fixing them up and reselling them for profit. The plaintiff contributed several used cars and some of his own money to the start of the business. Farber left the business after just a few weeks, and the brothers continued to carry on the business together. They operated their business under the fictitious name of Glenwood Auto Sales with their business card listing both of their names. The parties never entered into a formal written agreement, but continued their business together until July of 1999 when the plaintiff left the partnership.

Throughout the 1980s, the parties rented dealer licenses from DB Motors so they could attend dealer-only car auctions. In 1991, the parties rented an office in Ephrata, Pennsylvania so they would be located closer to the Manheim Auto Auction. During this time, they also continued to maintain their Glenwood Garage in Philadelphia. Both parties' names remained on that lease until 1995. In 1992, the parties created Emerson Auto Sales. This business had its own dealer license enabling the parties to attend dealer-only auctions. A few years later, in November of 1997, the parties purchased a

property in Lititz, Pennsylvania to use as an office and lot for their used car business. Both parties were listed on the deed to that property as tenants in common. Business responsibilities were shared by the parties, and their tax returns reflected an even split of profits and expenses. Finally, in 1999, the plaintiff's frustrations with his brother led him to leave the partnership and demand his 50 percent of the business.

In Pennsylvania, a partnership is defined as "an association of two or more persons to carry on as co-owners of business for profit" 15 Pa.C.S. §8311. A written agreement between the parties is not necessary to establish a partnership. *Gohen v. Gravelle,* 411 Pa. 520, 192 A.2d 414 (1963). "In ascertaining whether a partnership exists, it is necessary to consider all the attending facts and circumstances." *Grasavage v. Unemployment Compensation Board of Review,* 199 Pa. Super. 396, 399, 186 A.2d 46, 47 (1962). Further, receiving a share of the profits of the business is prima facie evidence of a partnership. 15 Pa.C.S. §8312.

In this case, the plaintiff acknowledged that no written partnership agreement existed between the parties. Instead, there was an oral agreement between the parties to join together as partners to buy and sell cars and to share the profits of the business equally. The plaintiff did not receive a wage or salary from the business. When the plaintiff needed money, he would simply ask his brother for the amount he desired and his brother would give it to him from the partnership funds. The plaintiff operated under the belief that both he and his brother were drawing equal amounts from the partnership funds pursuant to their original agreement. It wasn't until 1999

that the plaintiff became frustrated with his brother, because he believed his brother was no longer sharing the profits equally.

Other evidence of the existence of a partners besides the plaintiff's own testimony is present in this case as well. The parties shared responsibilities in running their business. The plaintiff would do whatever needed to be done for the business, including repairing and detailing cars. The plaintiff also attended car auctions to buy and sell cars and was sometimes accompanied by the defendant. The defendant was responsible for most of the paperwork of the business and maintained the accounting for the business. It was the defendant who provided all of the business information to the tax preparers who prepared both parties' tax returns. For tax years 1993, 1994, 1995, 1997 and 1999, all profits and expenses were split evenly between the parties. It was the tax preparers' impressions from speaking with the defendant that an equal split was appropriate as the parties were operating the business as a partnership.

The defendant maintains that a partnership did not exist, and points to the fact that Emerson Auto Sales was registered with the Pennsylvania Department of State solely in the defendant's name. This fact, however, is not conclusive by itself. After considering all of the facts and circumstances in this case, the court finds that a partnership existed between the parties beginning in 1979 and lasting until the plaintiff left in July of 1999.

## ORDER

And now, July 28, 2010, it is hereby ordered and decreed that the parties were partners in a used car business

458

from 1979 through July 1999, and that such partnership is ruled dissolved as of July 1999. The settling of accounts between the partners shall now proceed under the rules for distribution set forth in 15 Pa.C.S. §8362.