Michael L. Lowe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1977, before Judges WILKIN-SON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Michael Lowe*, petitioner, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 6, 1978:

Michael L. Lowe has appealed from an order of the Unemployment Compensation Board of Review which denied him benefits pursuant to Section 402(e) of the

Unemployment Compensation Law (Act)[1] because he had been discharged for willful misconduct.

Mr. Lowe had been employed as a messenger by the Dauphin Deposit Trust Company for about four years when he was discharged on March 24, 1975. The Board made the following findings of fact:

2. On March 24, 1975 the claimant was discharged because he was an hour late in his schedule, he used his own car for the bank's business and he delivered supplies to one of the banks on his last trip of the day rather than when the supplies were actually ready for delivery.

3. From late in 1974 and during 1975 the claimant was habitually late two or three times a week, anywhere from ten to fifteen minutes each time.

4. On March 10, 1975 the claimant was warned that his tardiness and failure to deliver supplies on time would result in the termination of his employment. He also was aware of the fact that he was not to use his personal car while driving for the bank.

The Board concluded that: "His actions rise to the level of willful misconduct, and the discharge which followed renders him ineligible to receive benefits." We affirm the Board's order.

In unemployment compensation cases, our scope of review, in the absence of fraud, is limited to questions

---

[1] Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) provides:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

of law and to a determination of whether the Board's findings are supported by substantial evidence. *Nehi Bottling Co. v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 251, 366 A.2d 594 (1976). The question of whether a claimant's conduct constituted willful misconduct is a question of law which is subject to our review. *Nyzio v. Lee Tire & Rubber Co.*, 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976). Willful misconduct has been defined as the wanton or willful disregard of the employer's interest; a deliberate violation of rules, a disregard of behavior standards which an employer can reasonably expect, or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employe's duties. *Unemployment Compensation Board of Review v. Walton*, 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

The Board's findings that Mr. Lowe had habitually been late, that he had knowingly used his personal car for bank business in violation of the company's policy, that he had not followed the prescribed delivery schedule, and that he had been warned that his tardiness and failure to abide by the company's rules could result in his discharge are supported by substantial evidence. We conclude that this behavior does constitute willful misconduct within the meaning of the Act and that unemployment compensation benefits were properly denied.

Accordingly, we enter the following

ORDER

AND Now, this 6th day of January, 1978, the order of the Unemployment Compensation Board of Review dated September 10, 1976 is affirmed and this appeal is dismissed.