Pennsylvania Engineering Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Rosemary Trinciante, Respondents.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Frederick S. Patti*, for petitioner.

*Antonio D. Pyle*, for respondents.

Opinion by Judge Blatt, October 2, 1979:

The Pennsylvania Engineering Corporation (employer) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which granted unemployment benefits to Rosemary Trinciante (employee).

The employee was hired as a secretary-typist on June 27, 1977. On February 17, 1978, she was asked by her immediate supervisor to take a letter by dictation and to type it, which she did. Her supervisor, however, was not satisfied with the finished letter and indicated this to her. Relations between the two then became strained and she was placed on probation, and, when the situation failed to improve, her services were terminated on March 3, 1978. Her initial application for unemployment benefits was denied by the Bureau of Employment Security (Bureau) on the grounds that she was discharged for willful misconduct and thus ineligible under Section 402(e) of the Unemployment Compensation Law[1] (Law). She appealed this determination and the referee who held the hearing on her appeal affirmed the Bureau's decision after making the following relevant findings of fact:

2. The claimant was discharged for insubordination and uncooperative attitude.

3. On February 17, 1978 a confrontation occurred between the claimant and her immediate supervisor regarding the claimant's quality of work.

4. On February 20, 1978 the claimant was placed on probation for the above mentioned incident.

5. The claimant was counseled and informed that her cooperation and attitude must change.

___

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

6. The claimant continued with her actions and was discharged.

The Board, however, reversed both the Bureau and the referee after making these findings:

2. On that date the employer discharged the claimant because he felt she was 'impolite' and 'surly' to him.

3. In discharging the claimant the employer used very profane language.

4. The claimant always performed her work to the best of her ability and was never deliberately insubordinate.

The employer has brought the present appeal.

The question of whether or not a claimant's conduct constitutes willful misconduct is a question of law subject to our review. *Lowe v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 219, 381 A.2d 501 (1978). Willful misconduct, of course, has been defined as the wanton or willful disregard of the employer's interest; a deliberate violation of rules, a disregard of behavior standards which an employer can reasonably expect, or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employee's duties. *Unemployment Compensation Board of Review v. Walton*, 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

Although we agree that a reading of the record would indicate that at least in one respect the Board was under a misconception concerning the action of the employee, we cannot agree with the employee that the evidence on the whole was insufficient to sustain the employer's burden of proof. It is true that finding of fact number 3 to the effect that the employer used profane language is clearly incorrect, for the record reveals uncontradicted testimony that it was the

*employee* who used profane language not the employer. We believe, however, that the record contains ample additional evidence from which we can determine as a matter of law that the employee did engage in willful misconduct. For example, the testimony clearly indicates that, after the initial confrontation, the employee refused to speak to her supervisor. The claimant herself testified that "I put no effort to speak to him." Obviously this would create an untenable work situation. The Board's finding that the employee was never deliberately insubordinate is simply not supported by the sum total of this evidence. We believe, therefore, that the claimant's actions did constitute a "disregard of behavior standards which an employer can reasonably expect," and so we must reverse the Board and deny benefits.

The order of the Board is reversed.

Judge DiSalle dissents.

### Order

And Now, this 2nd day of October, 1979, the order of the Unemployment Compensation Board of Review granting unemployment benefits to Rosemary Trinciante is hereby reversed.