Nancy L. Schwartz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Donald Marritz,* for petitioner.

*John T. Kupchinsky,* with him *William Kennedy, David Confer,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 17, 1980:

Nancy L. Schwartz has appealed from an order of the Unemployment Compensation Board of Review, affirming a referee's denial of benefits on the ground that she was not available for work as required by Section 401(d) of the Unemployment Compensation

Law (the Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

The appellant was employed as a guidance counselor's aide for the Gettysburg Area School District. In June 1978, at the end of the school year, she moved to Stroudsburg, Pennsylvania with her husband, a seminary student, who was enrolled in a summer training program there. While in Stroudsburg, the appellant registered for work at the local Bureau of Employment Security office and applied for unemployment compensation benefits, claiming that her job in Gettysburg had terminated and that no continued employment was available at the school where she worked. She received no job offers in the Stroudsburg area and at the end of the summer she returned to Gettysburg with her husband.

The Bureau determined that the appellant was ineligible for benefits because she was not available for work as required by Section 401(d) of the Law and because she had voluntarily left employment in Gettysburg without cause of a necessitous and compelling nature within the meaning of Section 402(b) (2) of the Law, 43 P.S. §802(b)(1). After two hearings at which the appellant appeared and testified without an attorney, a referee made the following findings:

2. After June 16, 1978, continued work was available to the claimant in that her position is a twelve month job but she voluntarily left her work to go with her husband to the Stroudsburg area.

. . . .

4. Claimant during the period involved in this appeal was not available for permanent employment in that her stay in the Stroudsburg area was to be temporary in nature and

that she planned to return to the Gettysburg area.

The referee concluded that the appellant was not ineligible under Section 402(b)(1) of the Law because she left Gettysburg for good cause, to accompany her husband to Stroudsburg. He agreed with the Bureau, however, that she was ineligible under Section 401(d) because she did not intend to remain in the Stroudsburg area. The appellant appealed to the Board of Review, which appointed a hearing officer to take additional testimony. After a third hearing at which the appellant again appeared without an attorney, the Board affirmed the referee's decision, concluding that the appellant's testimony that she would have remained in Stroudsburg without her husband if she had been offered a job there was not credible. This appeal followed and we affirm.

The appellant says that the referee's findings of fact, adopted by the Board, are not supported by substantial competent evidence in the record. We disagree. When she applied for unemployment benefits in Stroudsburg the appellant signed the following summary of interview statement:

The move from Gettysburg to this area is a temporary move for the summer to be with my husband. I expect to return to Gettysburg a week after Labor Day.

This statement alone was sufficient to support the finding that the appellant was not available for permanent employment in the Stroudsburg area and that she intended to return to Gettysburg. It also destroys any presumption that the appellant was available for work by virtue of having registered at the local employment office. The Board was not compelled to believe the appellant's later testimony that she would have remained in Stroudsburg if a job had been offered to her. Questions of credibility are for the

Board and it may reject even uncontradicted testimony. *Zinicola v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 154, 407 A.2d 474 (1979).

The appellant says, however, that the Board erred in basing its decision not to believe her testimony on its finding that she had voluntarily left her work in Gettysburg to follow her husband to Stroudsburg. She says that the finding is not supported by substantial competent evidence. We disagree. The principal of the Gettysburg school where the appellant was employed testified that the appellant's position was a twelve month job and that work was available to the appellant after the end of the school year. He testified that the school's guidance counselor asked the appellant to work through the summer of 1978 but that she declined because she planned to move to Stroudsburg with her husband. The appellant says that this testimony is incompetent because it was hearsay.

The principal was competent to testify about the nature and availability of positions in his school and this aspect of his testimony was clearly not hearsay. Furthermore, there is nothing in the record to show that he had no firsthand knowledge of the guidance counselor's offer of continued work and we cannot say that this testimony was hearsay. Even if it was hearsay, however, it was competent to support the Board's finding because it was supported by other evidence in the record. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The appellant testified that she was offered summer employment but that she believed that no definite position existed because the school had not yet received funding. This testimony differs from the principal's only as to the existence of the continued work and it was for the compensation authorities to resolve this conflict. *See Fioretti v. Unemployment*

*Compensation Board of Review,* 46 Pa. Commonwealth Ct. 287, 405 A.2d 1382 (1979).

Order affirmed.

ORDER

AND Now, this 17th day of April, 1980, the order of the Unemployment Compensation Board of Review is affirmed.