Jeannette Everette, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Patricia L. Smith,* with her *Eric J. Fischer, Margarita Navarro,* and *Juan Laureda,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, May 13, 1980:

Jeannette Everette has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's determination that she was ineligible for unemployment compensation benefits because her unemployment was the result of willful misconduct and that she was liable for a non-fault overpayment in the amount of $704. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Ms. Everette was employed by the John Wanamaker Department Store for nine years. Her last position with Wanamakers was as a junior assistant buyer in the women's handbag department from which she was discharged in July 1977.

Only Ms. Everette appeared at the referee's hearing. She testified that from time to time she purchased handbags for friends and relatives, using her own money for which she was reimbursed by the person for whom she had bought the merchandise. On these occasions she paid full price, plus sales tax. She sometimes returned handbags either because the purchaser was dissatisfied with the handbag or failed to reimburse her. Ms. Everette testified that on May 12, 1977, she received a letter from her employer stating that she would no longer be privileged to approve her own returns of merchandise and that returns would have to be approved by one of two named fellow employees. The only other pertinent evidence introduced at the referee's hearing was Wanamaker's written response to a questionnaire admitted over Ms. Everette's objection, to the effect that the written notice of May 12, 1977 also informed Ms. Everette that her returns were excessive and in violation of the store's policy. Ms. Everette denied ever receiving any such warning.

The referee and the Board found:

2. During the course of her employment, the claimant consistently took home handbags for herself and thus kept them out for a period and then returned them.

3. On May 12, 1977, the claimant received a letter from her employer regarding her excessive returns and telling her that she could not return anything without someone else's approval.

Ms. Everette contends on this appeal that these findings of fact are not supported by substantial evidence. She says that there is no evidence to support the finding that she took the handbags out for herself. We agree. Ms. Everette also contends that the only

evidence that the letter of May 12, 1977, which was not produced, warned Ms. Everette about excessive returns, was Wanamaker's response to the questionnaire sent it by the Office of Employment Security. Since this answer was clearly hearsay and was properly objected to as such, it provides no competent evidence supporting the finding complained of, and indeed the Board recognizes as much in its brief. *See Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976).

We are left only with a finding that Ms. Everette was told that her returns must be approved by others. Ms. Everette testified that she always complied with this requirement. Hence there is no competent evidence of willful misconduct in the record.

Order reversed.

#### Order

And Now, this 13th day of May, 1980, the order of the Unemployment Compensation Board of Review denying Jeannette Everette unemployment compensation benefits and finding her liable for a non-fault overpayment of $704 is reversed and the record is remanded to the Board for a computation of benefits.