Stella Ellis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

Richard P. Perna, for petitioner.

Elsa D. Newman-Silverstine, Assistant Attorney General, with her, Richard Wagner, Chief Counsel, and Harvey Bartle, III, Acting Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, February 17, 1981:

Stella Ellis (Claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which denied unemployment compensation benefits to Claimant. The Board found that Claimant's unemployment was due to willful misconduct and that she, therefore, was ineligible to receive benefits under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e). For the reasons which follow, we reverse.

Claimant was employed by the Philadelphia State Hospital (Employer) as a psychiatric aide from November 7, 1966 until July 8, 1977 at which time she retired having been presented with the choice between retirement and discharge. The dispute in the instant case involves an allegation that Claimant physically abused a patient at the Hospital on June 18, 1977. Following the alleged incident Employer conducted an investigation and concluded that Claimant was at

fault. Based on evidence adduced at two hearings[1] the Board agreed and concluded that Claimant, who denied injuring the patient, was indeed guilty of willful misconduct. The Board relied, in particular, on the Employer's investigative report and the fact that Claimant failed to immediately deny the incident or pursue a grievance procedure.

The burden of proof, of course, is on the Employer to establish willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Our scope of review in cases of this nature is to determine whether an error of law has been committed and whether the findings of the Board are supported by substantial competent evidence. *Unemployment Compensation Board of Review v. Lee*, 20 Pa. Commonwealth Ct. 154, 340 A.2d 586 (1975). There can be little doubt that if substantial competent evidence was introduced to support the Employer's allegation of physical abuse, such conduct could constitute willful misconduct as a matter of law. *See Beville v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 371, 327 A.2d 197 (1974).

---

[1] Claimant was not present at the first hearing, held on November 1, 1977. A referee issued a decision after the first hearing disqualifying Claimant from receiving benefits and finding her liable for a fault overpayment of $896. The Board affirmed the referee's decision on eligibility but found that Claimant was not at fault in receiving the overpayment. Claimant appealed to this Court on March 15, 1978. On April 17, 1979, this Court remanded the record to the Board, upon motion by counsel for the Board, for the taking of additional testimony and the issuance of a new decision by the Board. The remand hearing was held on June 27, 1979 at which time Claimant was present with counsel. The Board issued a new decision and order from which the present appeal was taken.

The evidence introduced against Claimant can be summarized as follows: At the first hearing, a nurse, Ms. McDougall, testified relative to her interview of the alleged victim, Elizabeth Ewald. Ms. McDougall stated that, "When the patient related to me how she sustained these injuries she also related, not by name, but related a description of the nurse who did this...." Ms. McDougall also interviewed another patient (apparently the sole witness to the alleged attack) who "related to me what she had seen and heard and, that coincided with the victim's statement." The nurse further testified that "the identification always came back to Mrs. Stella Ellis." Employer introduced into evidence a written report of an investigation it conducted which relates additional interviews of the alleged victim and witness. The report also states that the sole witness to the incident, another patient, identified Claimant as the person she saw beating Ms. Ewald. Next, a written statement signed by a nurse, Ms. Levy, was admitted. The statement includes physical descriptions, as related by the alleged victim and witness, of the person who assaulted the victim. Also admitted into evidence were written statements by some Hospital employees to the effect that they did not observe bruises on Ms. Ewald immediately prior to Claimant's period of duty on June 18, 1977 as well as statements by other employees who allegedly did observe bruises on Ms. Ewald after Claimant's period of duty. No effort was made to qualify any of these statements for admission into evidence.

Claimant, who testified at the second hearing and was represented by counsel, acknowledged that her eyeglasses had been broken on June 18, 1977 when Ms. Ewald struck Claimant on the face. Claimant alleges, however, that the incident ended at that point. She specifically denies hitting the patient and testified that she was more surprised than angered by Ms. Ewald's

actions. Claimant also testified that Ms. Ewald had a bruised eye at the beginning of Claimant's period of duty on June 18, 1977 and that she was aware that Ms. Ewald had been engaged in other fighting on that day. Finally, Claimant testified that she reported the incident to her night supervisor and told him about her broken glasses.

If this was a question of credibility, then the Board's findings in this matter would be final. Such is not the case. The most striking point with respect to the evidence presented against Claimant is that it is all hearsay. Neither the alleged victim nor the alleged identification witness attended either hearing. No other witnesses to the alleged incident were produced by the Employer. Ms. McDougall's testimony was based on interviews with persons not present at either hearing. The Employer's investigative report was based primarily upon additional interviews with persons who did not testify. Finally, none of the employees whose written statements were admitted into evidence testified. Thus, the evidence uniformly relies upon out of court statements submitted to prove the truth of the matters asserted. The evidence is clearly hearsay.

It is well settled that in cases of this nature hearsay evidence which is properly objected to is not competent to support a finding of the Board. Hearsay evidence which is admitted without objection may support a finding of the Board only if it is corroborated by competent evidence in the record. A finding of fact based solely on hearsay, however, will not stand. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

The Board found as a fact that, "On June 18, 1977, the claimant physically abused a patient at the hospital, injuring her right arm and giving her a black eye." Because of the hearsay nature of the evidence

presented at both hearings on this issue we conclude that this crucial finding is not supported by competent evidence. Although some of the hearsay evidence was admitted without objection[2] the fact that the remaining evidence is also hearsay, and was properly objected to, precludes its use as corroborative evidence. Thus, none of the evidence discussed above can be used to support the Board's crucial finding of fact that, "On June 18, 1977, the Claimant physically abused a patient at the hospital, injuring her right arm and giving her a black eye."

Furthermore, our review of the record reveals no other competent evidence which is sufficient to support the Board's finding. We note that the Board in reaching its decision relied upon evidence in the record that Claimant did not immediately deny the incident when questioned by her Employer and failed to pursue a grievance procedure. Such evidence standing alone certainly does not support a finding of willful misconduct. We, therefore, conclude that since there is no substantial competent evidence to prove that the Claimant abused the patient the Employer has necessarily failed to sustain its burden of proof of willful misconduct.

Accordingly, we reverse the decision of the Board and remand for the computation of benefits.

### ORDER

AND NOW, this 17th day of February, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-153163-B, dated August 2, 1979, is hereby reversed and remanded for the computation of benefits.

---

[2] Since Claimant was not present at the first hearing she could not object to the admission of Ms. McDougall's testimony or the Employer's investigative report.