Joseph Feeko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*James S. Palermo,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Elsa D. Newman-Silverstine,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 5, 1981:

The Unemployment Compensation Board of Review denied Joseph Feeko benefits on the basis of

willful misconduct connected with his work.[1] We affirm.

The referee made the following findings of fact:

1. The claimant was last employed as a driller helper by Beltrami Enterprises for aproximately four years at a final hourly rate of $5.47, and his last day of work was November 10, 1978.

2. Claimant was discharged on his last day of work for stealing gasoline for use in his own automobile.

3. On November 10, 1978, at approximately 10 a.m., the claimant used a company gas pump for the purpose of filling a driller's truck with gasoline. In addition to filling the truck, the claimant filled a five-gallon can with gasoline for his own use.

4. The claimant did not require the use of an additional five gallons of gasoline while working on the job site.

Feeko argues, and we agree, that the evidence fails to establish that he stole gasoline for use in his own automobile. However, whether Feeko actually used the gasoline in his automobile is not dispositive to a finding of willful misconduct. He admits taking the additional five gallons of gasoline at the time he filled the company truck. Feeko's purported reason for taking the gasoline was to use it as a cleaning solvent for tools at his work site and to start a drill motor. The employer testified that the use of gasoline as a cleaning solvent was contrary to company policy and that the drill at Feeko's job site was electrically powered.

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

We are compelled to agree with the referee in that Feeko took gasoline from the employer's pump and brought it to a job site where it was not required. This clearly is conduct in disregard of standards of behavior which Feeko's employer can rightfully expect.[2] *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973). We are not concerned with what use was made of the gasoline but rather that the actual taking was in itself willful misconduct.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review at B-78-3-H-424, dated November 13, 1979, is affirmed.

---

[2] Whether conduct resulting in the discharge of an employee constitutes willful misconduct under the Act is a question of law subject to this Court's judicial review. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979).