The Fireside Inn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Wendell G. Freeland,* with him *Richard F. Kronz, Freeland & Kronz,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, April 30, 1982:

The Fireside Inn (employer) appeals an adverse decision of the Unemployment Compensation Board of Review (Board) which granted benefits to claimant Marjorie J. Bruder.

The necessary facts in this case are not in dispute. The employer operated a restaurant/bar in Allegheny County near the Thornburg Bridge. The bridge was closed on or about March 11, 1979, and, because of a decline in the number of customers which the employer said was caused by that closing, the claimant was laid off and she subsequently applied for and was granted benefits.

The employer argues here that benefits should not have been granted because the closing of the bridge by a Commonwealth agency precipitated the lay off and that the purpose of the Pennsylvania Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§751-882, was not to charge an employer's account under these circumstances. He cites neither any *relevant* statute nor case law, however, which would support this proposition. He refers only to Sections

302(a)(1) and 302(a)(2) of the Act which respectively deal with willful misconduct and the effects of part-time work by an employee, and it is obvious that the instant situation does not fall into either of these categories.

Our own review of the statutory and case law yields no controlling precedent or statutory provision which would support the employer's argument, nor can we find any error of law or necessary finding below which is unsupported by substantial evidence. We must therefore affirm the order of the Board. *Ellis v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 628, 425 A.2d 496 (1981).

### ORDER

AND Now, this 30th day of April, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.