Delores Palmer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 10, 1982, before Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Frayda Kamber,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 20, 1982:

The claimant, Delores Palmer, appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits because of her willful misconduct.[1]

The claimant was last employed as a teller by the Philadelphia Savings Fund Society from February, 1977 until her discharge on October 10, 1980 because of continued lateness. In October, 1979, while working at the employer's Philadelphia Center City branch office, the claimant had been placed on a two-month probation because of poor performance, punctuality and attendance. Upon being transferred to a branch in Northeast Philadelphia in June, 1980, she immediately indicated to the employer's regional vice-president that commuting to that location was a problem for her and submitted a written request for a transfer to a branch nearer her home. Her employer sought to

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

accommodate her but, despite her transfer in July, 1980 to a branch closer to home, her tardiness continued. On October 3, 1980, her branch manager counseled her about the seriousness of her extensive absenteeism and lateness and warned her that, in the absence of immediate improvement, termination of her employment would be warranted. When the claimant was again late for work on October 8, 1980, she was discharged.

Where, as here, the employer, who has the burden of proving willful misconduct, has prevailed below, our scope of review is limited to determining whether or not the Board's findings of fact are supported by substantial evidence and whether or not an error of law was committed, *Neff v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 296, 407 A.2d 936 (1979). The employer is entitled to the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). And a determination of what constitutes willful misconduct is a question of law to be resolved by this Court. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979).

The petitioner contends that the Board erred in making findings based upon the employer's summaries of her attendance records, which had been admitted into evidence over her counsel's objection that they did not satisfy the requirements of the business records exception to the hearsay rule. The first summary, prepared on October 15, 1980 in response to a Bureau of Employment Security questionnaire, listed eight occasions on which she had been late since February, 1980, while the second summary, produced by the employer at the January 14, 1981 hearing, listed

twelve such occasions during the same period. The referee then found that the claimant had been tardy twelve times during that period. While the admission of hearsay evidence is not reversible error when other competent evidence is received in support of the same proposition, *Schwartz v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 588, 413 A.2d 455 (1980), such evidence alone cannot support a finding. It is true that such a finding can stand, however, when it has also been supported by competent evidence elicited by unemployment compensation authorities through questions suggested by the hearsay evidence received. *Perminter v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 426, 426 A.2d 245 (1981). The employer here, however, did not lay a proper foundation, and failed therefore to establish the indicia of reliability necessary to qualify the summaries as admissible evidence under Section 6108(b) of the Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108(b). *University of Pittsburgh v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 505, 413 A.2d 51 (1980). Still, the testimony of the employer's regional vice-president that the claimant had been late twelve times since February, 1980, was sufficient, even in the presence of conflicting evidence as to the number of incidents on the part of the claimant, to support the referee's finding. Questions of credibility and evidentiary weight are for the referee and the Board, and they, in the exercise of their discretion, found the testimony of the employer's witness to be more credible than that of the claimant. *Slayton v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981). In any event, the precise number of times the claimant was late is not crucial to determining whether or not she is eligible for compensation benefits. The critical findings, all of which

were amply supported by the testimony of the employer's representatives, were:

> 4.  In accordance with the employer's rules and regulations, an individual is placed upon probation only once and any future violations are cause for termination. In addition seven or more latenesses during a one year period may be cause for immediate dismissal.
>
> . . . .
>
> 6.  On October 3, 1980, claimant was counseled and told that her tardiness problem was serious and that if immediate improvement was not shown, termination would ensue.
>
> 7.  On October 8, 1980, when claimant was again late reporting for work, she was discharged for this infraction coupled with her prior record.

In addition, the claimant herself testified that she had been warned in 1979 that she could be discharged if she fell back into a pattern of tardiness, and that on October 3, 1980, the branch manager had warned her about her recurring pattern of lateness. The record shows that the claimant received a copy of the manager's memorandum account of that meeting. The claimant also testified that five days later, on October 8, 1980, she was again late due to a transportation delay and that, although latenesses occasioned by transportation delays were not counted against an employee, she had not reported the alleged delay to her manager. She has, therefore, "voluntarily carried the employer's burden," *Rodgers v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 552, 555, 397 A.2d 1286, 1288 (1979), by her own testimony.

We believe, therefore, that the claimant, by her own admission, has documented a conscious indifference to

the duty owed her employer sufficient to support a conclusion of willful misconduct. *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973). We will, therefore, affirm the Board.

## ORDER

AND NOW, this 20th day August, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.