## Westinghouse Electric Corporation, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 28, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard B. Slosberg,* Senior Labor Counsel, for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 4, 1983:

In this unemployment compensation appeal, Westinghouse Electric Corporation, the employer, asks us to reverse a decision of the Unemployment Compensation Board of Review granting benefits to Mary Jones, the claimant. After an initial hearing before a referee, pursuant to which the referee denied benefits, the board, because the testimony recording had been erased, remanded the case for a rehearing to

create a new transcript, upon which the board alone made the final decision. Although the board might have elected to have the benefit of a referee's decision on that second round, the employer concedes that the board, as the prime factfinder, is not required to follow that course.

The precise issue before us is whether the board's conclusion, that the employer failed to meet its burden of establishing willful misconduct as a basis for discharging the claimant, resulted from a capricious disregard by the board of evidence offered on behalf of the employer, consisting of hearsay and certain inferences, in an attempt to prove that (1) part of the period of claimant's absence was not justified by illness, and (2) that the claimant had falsified a doctor's certificate concerning that absence, by altering dates.

The record confirms that the claimant was absent from work from April 30, 1979, throughout May, into the month of June. In response to the employer's May 15 request for an explanation, the claimant, on June 5, submitted a form in which she claimed illness beginning May 1. The physician's certificate portion of the form showed May 21 scratched through and replaced with May 1 as the beginning date of treatment, and May 21 scratched through and replaced with June 5 as the last date of treatment; the changes were made with a different color of ink than the original notations.

The board found, as a matter of fact, that the form had been changed, but also found that the doctor had refused to give additional information to the employer.

The doctor did not testify. The employer offered hearsay testimony consisting of an employer witness' report of a telephone conversation with the physi-

cian's receptionist and also a written note from the doctor, both of which would contradict the claimant if admissible.

Of course, our rule remains that hearsay, when offered in the face of objections, as here, is not competent, by itself, to support a finding of fact. *Everette v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 341, 414 A.2d 730 (1980). Hence the board, being required to disregard the hearsay, did not act capriciously in doing so.

Although we can readily understand the employer's suspicion, we cannot say that the board acted capriciously in rejecting additional inferences for which the employer contends. By those contentions, the employer has essentially argued that the employee failed to establish the absence of misconduct, but that burden does not fall upon the claimant.

We therefore are required to affirm the board's decision.

ORDER

Now, April 4, 1983, the decision of the Unemployment Compensation Board of Review, No. B-178323, November 30, 1979, is affirmed.