Maria E. Hernandez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 1, 1984, to Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Walter S. Frankowski, Jr., Erickson, Ober & Ober,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, May 10, 1984:

The case before us involves a petition for review filed by Maria E. Hernandez (Claimant) of a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that Claimant had been properly terminated from her employment as a nurse's aide due to behavior which constituted willful misconduct in accordance with Sec-

tion 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended* 43 P.S. §802(e), Claimant thus was ineligible for unemployment compensation benefits.

Where, as here, the employer, who has the burden of proving willful misconduct, has prevailed below, this Court's scope of review is limited to determining whether or not the findings of fact are supported by substantial evidence and whether or not an error of law was committed. *Palmer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 388, 449 A.2d 126 (1982). The employer here is therefore entitled to the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). A determination of what constitutes willful misconduct is a question of law to be resolved by this Court. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979).

Claimant had been employed as a nurse's aid by the Reading Convalescent Center, Reading, Pennsylvania, for a period of two consecutive years until May of 1982, but had been employed by this same employer for a total of ten years. Prior to Claimant's discharge, three residents of the convalescent home allegedly complained to a nurse that they had been abused or mistreated on several occasions during the past week by a nurse on duty during the night shift. The allegations included not having a bed pan emptied, having the call bell removed from the room, being told not to ring for the remainder of the night, and being hit in the face. The day after the statements were written by a nurse and signed by the patients who had

complained, Claimant was scheduled to have a physical examination at the convalescent home. At that time and without advance notice to Claimant, the three patients were taken to the area where Claimant was waiting to undergo the examination and they identified her as the nurse responsible for the mistreatment which they received.

On the same day, Claimant was called to the office of the Director of Nursing for a hearing. Present at this hearing were Claimant, the Director of Nursing, the Assistant Director of Nursing, and Assistant Administrator, and Claimant's union representative. At this hearing, Claimant was confronted with the allegations made by the patients and the statements prepared by a nurse based on information received from the patients. Claimant denied that she had mistreated or abused the patients, but she was discharged from her employment because of a determination that her behavior constituted willful misconduct.

Our examination of the record in this case reveals that it is replete with hearsay. In *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976), we set forth certain guidelines concerning hearsay evidence:

(1) Hearsay evidence, properly objected to, is not competent evidence to support a finding of the Board. (2) Hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record, but a finding of fact based solely on hearsay will not stand. (Citations and emphasis omitted.)

In this case the referee admitted some of the hearsay evidence over objection and some without objec-

tion. Certain exhibits even constituted double hearsay evidence and formed the basis for certain findings of fact made by the referee. Specifically, statements of patients who complained about abuse by a nurse were introduced at the hearing without foundation. Although the statements were signed by the patients, the person who wrote the statements based on information gathered from the patients was not present at the hearing. Because these statements were signed, we may conclude that the patients adopted the statements, but this conclusion goes to the weight of the evidence presented rather than to its admissibility. Also introduced was an abstract from a personnel policy book in which it was noted that Claimant had been warned in the past for certain disciplinary actions. The Director of Nursing, Sue Hoch, a witness at the hearing, testified that she did not personally know whether Claimant had received the personnel policy book because the witness was not employed by the convalescent center at the time Claimant allegedly signed a statement acknowledging that she was aware of the employer's policies. Claimant denied that the signature on that statement was hers. Moreover, Claimant's personnel record was not introduced by a record keeper or a record librarian, but by one who only assumed that Claimant read and understood the rules and regulations because she signed them. Testimony was also adduced that Ms. Hoch did not know who made the notations as to past disciplinary actions, but she could only state that they were kept by a supervisor in the nursing office. The Assistant Director of Nursing, Judy Smolinski, also testified at the hearing that she had taken a patient to identify Claimant. When asked whether the patient was mentally capable of identification, Ms. Smolinski responded in the affirmative, based on her twenty years

experience as a registered nurse. She admitted, however, that although she had had training in the care of patients with mental problems, she was not qualified as an expert in that area.

Other excerpts from documents in Claimant's personnel file concerning her alleged drinking on duty on prior occasions were introduced and denied by Claimant. Also introduced were notations concerning two unexcused absences within thirty days. Claimant admitted discussing her absenteeism with her employer, but did not sign a "write-up" or formal disciplinary action notice. In *Palmer*, 68 Pa. Commonwealth Ct. at 391, 449 A.2d at 128, we stated:

> While the admission of hearsay evidence is not reversible error when other competent evidence is received in support of the same proposition, ..., such evidence alone cannot support a finding. It is true that such a finding can stand, however, when it has also been supported by competent evidence elicited by unemployment compensation authorities through questions suggested by the hearsay evidence received. . . . The employer here, however, did not lay a proper foundation, and failed therefore to establish the indicia of reliability necessary to qualify the summaries as admissible evidence under Section 6108(b) of the Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108(b).[1] (Citations omitted.)

Applying the *Palmer* rationale to the case before us, it is evident that the requirements inherent in admission of hearsay evidence at an administrative hearing were not met.

---

[1] The Uniform Business Records as Evidence Act, Act of July 9, 1976, P.L. 586, *as amended*, 42 Pa. C. S. §6108.

We note that there was no direct, competent testimony or evidence presented by the employer at the hearing to show why the patients who gave the information which formed the basis of the hearsay statements introduced were not available for the hearing. As Claimant's counsel properly points out, if these patients could not attend the hearing because of their physical condition, questions arise concerning the ability of these patients to see, hear, perceive, and recollect incidents and whether they are senile, confused, or disoriented. It should be noted that in one of the statements, a patient identified the Claimant as wearing glasses. At the hearing, Claimant testified that she did not and had not worn glasses.

As we examine the referee's decision in this case, we note under "reasoning" that the referee stated: "There was conflicting testimony adduced at the referee's hearing. After a review of the record, the referee bases this decision on credibility and rules in favor of the employer." While it is undisputed that assessing credibility is within the province of the referee, the "reasoning" set forth in her decision is unclear. She states that her decision is based on credibility, but does not explain what constitutes "credibility" as it pertains to her decision. We therefore conclude that the case should be remanded to the referee in order that she may further explain or expand upon the testimony upon which her decision was based. Moreover, we conclude that a new hearing is proper in this case because we question whether Claimant's rights to due process were observed since she was not afforded the opportunity to confront and cross-examine the patients who had accused her of abuse and mistreatment, and also because Claimant's counsel was repeatedly given no meaningful opportunity to challenge the hearsay documents upon which employer's

case was based. The record also reveals a certain amount of friction and dissension between the referee and Claimant's counsel. We are of the opinion that a new hearing in this case may resolve many of the problems inherent in it.

It is so ordered.

### ORDER

AND Now, May 10, 1984, the Order of the Unemployment Compensation Board of Review, dated August 20, 1982, decision No. B-209073 is reversed and the case is remanded for a further hearing.

Jurisdiction relinquished.

Judge WILLIAMS, JR. dissents.