522 A.2d 688

Jean L. Boliver, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Edith Benson,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 12, 1987:

Claimant Jean Boliver appeals from an order of the Unemployment Compensation Board of Review which determined that the claimant was ineligible to receive benefits because of willful misconduct under section 402(e) of the Unemployment Compensation Law,[1] reversing a referee's decision. We reverse.

According to the board's findings, the claimant worked for eleven years as a nurse's aide at St. Paul's Health Center, a nursing home for the elderly and infirm. An employee of the nursing home is subject to immediate discharge for abusive or inconsiderate treatment of a resident. On November 18, 1984, the claimant was abusive to a male stroke victim in that she "yanked" him out of his wheelchair and treated him roughly while dressing him. On November 26, 1984, the employer discharged the claimant for alleged abusive treatment of that resident.

Neither the alleged victim nor resident-witnesses testified before the referee. Instead, the employer's Director of Nursing offered into evidence various documents from the claimant's personnel file. Those documents consisted of incident reports which the claimant's supervisors had prepared after investigating instances where the claimant had difficulties with some of the patients. Included among those documents was a report which the board relied on, dated November 26, 1984, which the claimant's immediate supervisor had prepared after investigating a complaint regarding the claimant's alleged abusive treatment of a resident. Addi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

tionally, the personnel file also contained documents indicating that the supervisory staff had warned the claimant regarding her increasingly negative attitude toward the patients.

The key issue is whether the board erred[2] in its reliance on documents in the claimant's personnel file which the referee had determined were hearsay and were not admissible evidence under section 6108 of the Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108.[3] If those documents are hearsay because they do not fall under the business record exception, we must then also determine whether there remains substantial evidence to support the board's findings. Additionally, the claimant asserts that the board erred by disregarding the referee's findings without stating its reasons for doing so. *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982).

In *Treon*, the Supreme Court held that the board may not simply disregard a referee's findings which are based upon consistent and uncontradicted testimony without stating its reasons for doing so.[4] Here, the

---

[2] This court's scope of review is limited to determining whether constitutional rights were violated, an error of law has been committed, or whether substantial evidence supports necessary findings of fact. *Estate of Francis J. McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

[3] Section 6108(b) of that act provides:

(b) **General Rule.**—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

[4] The board asserts that the claimant's *Treon* argument "has been rendered moot by Peak v. Unemployment Compensation

board did not disregard the referee's findings. Rather, the board made additional findings based on the investigation report in the claimant's personnel file. Although the board failed to state its reasons for doing so, implicit in its decision is a determination that, contrary to the referee's determination, it regarded the investigation report in the personnel file as admissible under the business record exception. Because the board did not arbitrarily disregard the referee's findings, but instead made additional findings on its own, based on evidence which the referee refused to consider, *Treon* is not controlling here.

The claimant contends that the board's findings are not supported by competent evidence because they are based on hearsay evidence, properly objected to at the hearing. Hearsay evidence, offered against objections, as here, is not competent to support a finding. *Everette v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 341, 414 A.2d 730 (1980).

In determining the admissibility of investigation reports, this court has addressed similar situations specifically involving the discharge of medical aides for alleged abusive treatment of patients. In *Ellis v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 628, 425 A.2d 496 (1981), the employer introduced into evidence a report of an investigation containing interviews of the alleged victim and witness, as well as numerous written statements by hospital employees regarding the alleged victim. In deter-

---

Board of Review, 509 Pa. 267, 501 A.2d 1383 (1985), which noted that *Treon* does not control the facts of a case in which there is conflicting evidence. . . ." Because the claimant decided not to present her case before the referee in reliance on the belief that the employer failed to meet its burden of proof, there is no conflicting evidence in this case. Hence, *Treon* could be applicable here.

mining that all of that evidence was hearsay, this court stated that:

> The most striking point with respect to the evidence presented against Claimant is that it is all hearsay. Neither the alleged victim nor the alleged identification witness attended either hearing. No other witnesses to the alleged incident were produced by the Employer. [A nurse's] testimony was based on interviews with persons not present at either hearing. The Employer's investigative report was based primarily upon additional interviews with persons who did not testify.

*Ellis* at 632, 425 A.2d at 498.

Here, the reports offered into evidence were also based on interviews with persons not present at the hearing; the alleged victim and the witnesses did not attend the hearing.

Similarly, in *Hernandez v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 353, 475 A.2d 179 (1984), this court also reviewed a proceeding where the employer offered into evidence the medical aide's personnel file containing investigation reports of the aide's alleged abusive treatment of patients. In determining that the employer failed to establish the indicia of reliability necessary to qualify the documents in the personnel file as business records, this court also noted that the employer failed to provide testimony or evidence to show why the residents who gave the information which formed the basis of the reports were not available for the hearing. The employer here explained to the referee the possible difficulty involved in bringing a resident-witness to the hearing. However, this court also addressed a similar assertion in *Hernandez* and stated that "if these patients could not attend the hearing because of their physical condition, questions

arise concerning the ability of these patients to see, hear, perceive, and recollect incidents. . . ." *Hernandez* at 359, 475 A.2d at 181.

Although the employer offered the testimony of the custodian of the personnel file in order to lay a proper foundation for its admission, mere maintenance of hearsay documents in a personnel file does not overcome the inherent reliability problem with the evidence. Moreover, an employee whose termination is based on the statements of witnesses must be afforded the opportunity to confront and cross-examine the accusers. *Hernandez* at 359, 475 A.2d at 182.

Therefore, the investigation reports in the claimant's personnel file, offered in the face of objections, were not admissible under the business record exception, and the board was required to disregard them. *Westinghouse Electric Corporation v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 243, 458 A.2d 301 (1983). Accordingly, the board erred in its reliance on that inadmissible evidence.

Hence, the remaining issue is whether, excluding the investigation reports, there is substantial evidence to support the board's ultimate conclusion of willful misconduct.

The board asserts that there is sufficient evidence remaining to support the board's conclusion. Specifically, the board asserts that a witness testified "directly to witnessing an incident of patient abuse in which the claimant pulled a patient roughly from a chair." Because that testimony referred to an incident which had occurred one year before the claimant's termination, that evidence cannot substantiate the board's finding regarding the November 18, 1984 incident. Similarly, the board's reliance on testimony relating to the claimant's admission concerning her treatment of patients in June, 1984, also fails to support the board's finding as to the November, 1984 incident.

Finally, the board asserts that the claimant admitted to her supervisor that she had abused the resident in November, 1984 by responding "I will do better" to her supervisor's accusation of abuse. The board further asserts that, because that witness also testified that she heard commotion in the room when the claimant was in the room, the circumstantial evidence together with the claimant's admission substantiates the board's findings. Although the alleged admission together with the circumstantial evidence indicates that there had been a problem between the claimant and a resident, the record lacks substantial evidence to support a finding that the claimant had abused that patient.

Accordingly, we must reverse the board's order.

ORDER

Now, March 12, 1987, the order of the Unemployment Compensation Board of Review, No. B-239275, dated April 3, 1985, is reversed.