552 A.2d 754

Tedesco Manufacturing Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 23, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Michael A. Johnson,* for petitioner.

*David F. DeWees,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, January 11, 1989:

Tedesco Manufacturing Co., Inc. (Employer) has appealed from a decision of the Unemployment Compensation Board of Review (Board) reversing a referee's denial of benefits to Barbara Askey (Claimant). We affirm.

Claimant worked as an order filler for Employer and her last day of work was August 31, 1987.[1] For approximately six months prior to Claimant's resigning from her job, she was harassed, often sexually, by other employees. Claimant testified that she resigned approximately one week after the final act of sexual harassment occurred. The referee denied benefits concluding that although Claimant was subject to sexual harassment she did not attempt to alleviate the problem by notifying the owner of the company before terminating her employment. The Board reversed, finding that the owner was aware of the harassment. Hence, this appeal by Employer.

---

[1] Employer is a manufacturing operation with individuals employed at its Connellsville plant and in Mt. Pleasant. Claimant worked at the Mt. Pleasant location.

Employer's argument on appeal is threefold. Firstly, Employer argues that the Board acted improperly by omitting certain findings of the referee and inserting its own findings. Secondly, Employer argues that the Board's finding that the owner of the company was aware of the sexual harassment suffered by Claimant was not supported by substantial evidence. Thirdly, Employer argues that Claimant does not qualify for unemployment compensation benefits because she failed to communicate the alleged harassment to the owner of the company prior to her resignation.

At the hearing before the referee, Claimant appeared and presented testimony as to the sexual harassment she suffered on the job and that despite numerous complaints to her supervisor, no action was taken on her complaints and the harassment continued. Employer did not appear before the referee nor did it submit evidence on its behalf. Therefore, our scope of review of the Board's decision where the burdened party prevails below and is the only party to submit evidence is limited to determining whether there has been a constitutional violation, or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).[2]

Employer argues that the Board failed to include without reason or explanation the referee's finding of fact No. 3—that "[c]laimant did not register a complaint with the owner of the company prior to her voluntary

---

[2] In voluntary quit cases, the claimant has the burden of proving that a necessitous and compelling cause existed for terminating the employment relationship. *Matvey v. Unemployment Compensation Board of Review*, 109 Pa. Commonwealth Ct. 591, 531 A.2d 840 (1987).

termination of employment". Instead, the Board found in finding of fact No. 5 that "[t]he owner of the company for which Claimant worked was aware of the sexual harassment". Although the Board is the ultimate fact-finder, it may not disregard findings by the referee which are based on uncontradicted evidence. *Office of Attorney General v. Unemployment Compensation Board of Review,* 111 Pa. Commonwealth Ct. 187, 533 A.2d 1087 (1987). However, the Board may make additional findings based on evidence which the referee failed to consider. *Bolivar .v. Unemployment Compensation Board of Review,* 104 Pa. Commonwealth Ct. 534, 522 A.2d 688 (1987). We believe implicit in the Board's finding here is that although Claimant did not formally advise the owner of the company about the sexual harassment or formally register a complaint, the owner of the company was "aware" of the sexual harassment. Therefore, if this finding is supported by substantial evidence, we do not believe the Board acted improperly.

Thus, we must now determine whether the Board's finding that the owner of the company "was aware of the sexual harassment" is supported by substantial evidence. In order to reach this determination, a review of Claimant's testimony is necessary. Claimant specifically testified that she did not personally advise the owner of the company about the sexual harassment *before* quitting her job.[3] But, Claimant further testified that the owner of the company was aware of the sexual harassment because her supervisor told the owner that certain employees were harassing her.[4] This testimony by Claimant as to what her supervisor told the owner is

---

[3] *See* Notes of Testimony (N.T.) from October 14, 1987 hearing at p. 9.

[4] *See* N.T. from October 14, 1987 hearing at p. 8.

hearsay and although unobjected to must be corroborated by other evidence in order to support an award of benefits. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). We are unable to glean any other evidence from the record which would corroborate Claimant's assertions that the owner of the company was aware of the sexual harassment prior to Claimant's termination of her employment. Accordingly, there is not substantial evidence in the record to support the Board's finding that the owner of the company was "aware" prior to Claimant's termination of employment that other employees were sexually harassing Claimant.

Lastly, we must address Employer's argument that Claimant was required to communicate to the owner of the company that she was subject to sexual harassment because although she advised her supervisor numerous times about this harassment this was not sufficient to support an award of benefits. We have held that sexual harassment can be a necessitous and compelling reason for quitting provided the employee has taken reasonable and prudent steps to alleviate the problem. *Homan v. Unemployment Compensation Board of Review*, 107 Pa. Commonwealth Ct. 172, 527 A.2d 1109 (1987). Thus, in order for a claimant to establish that she has used common sense in voluntarily terminating her employment because of sexual harassment, she must show that she made her employer aware of the harassment. *St. Barnabas, Inc. v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 191, 525 A.2d 885 (1987). Stated another way, a claimant must take "common sense" action so that the employer is given "an opportunity to understand the nature of her objection". *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 185, 187, 408 A.2d 1207, 1208 (1979).

In the matter sub judice, the Board specifically

found that "claimant's immediate supervisor was cognizant of the harassment that was inflicted upon the claimant, but did nothing to stop it", Board's finding of fact No. 4.[5] Claimant testified that she complained to her supervisor on numerous occasions but was not privy to information whether he acted on her complaints. We believe that Claimant herein, by reporting the incidents of harassment to her supervisor, however, took the reasonable and prudent steps necessary to adequately inform her employer of the problem.[6] When the harassment did not cease, Claimant's reasons for terminating her employment were necessitous and compelling.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 11th day of January 1989 the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[5] The referee in finding of fact No. 2 found "The claimant voluntarily terminated her employment because she was subjected to sexual harassment by a co-worker, and the harassment was condoned by her immediate supervisor who also, on occasion, engaged in such conduct". The referee's finding that Claimant's immediate supervisor condoned the harassment does not differ in any material way from the Board's finding that the supervisor was "cognizant of the harassment that was inflicted upon the claimant, but did nothing to stop it". However, the referee further found that Claimant's immediate supervisor "on occasion, engaged in such conduct". The record is devoid of any evidence to support this finding by the referee that Claimant's immediate supervisor engaged in harassing conduct towards Claimant or any other employees.

[6] We note that there is no evidence in the record of any Employer rule or policy which would have required Claimant to directly report the harassment to a single owner or owners of the company.