# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana A. Crall, : 
          Petitioner : 
  : 
       v. : No. 538 C.D. 2016
  : Submitted: September 30, 2016
Unemployment Compensation : 
Board of Review, : 
          Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: March 13, 2018**

Dana A. Crall (Claimant) petitions for review of the March 9, 2016 Order of the Unemployment Compensation (UC) Board of Review (Board) affirming a UC Referee's (Referee) Decision finding Claimant ineligible for UC benefits pursuant to Section 402(e) of the UC Law (Law)[2] because she engaged in willful misconduct related to her work. On appeal, Claimant argues that: (1) the Board erred in concluding that Claimant's actions constituted willful misconduct because Diakon Lutheran Social Ministries (Employer) failed to sustain its burden of proof under

---

[1] This opinion was reassigned to the authoring Judge on January 2, 2018.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides that an employee is ineligible for UC benefits if "h[er] unemployment is due to h[er] discharge or temporary suspension from work for willful misconduct connected with h[er] work." *Id.*

Section 402(e) of the Law; and (2) the Board's findings are not supported by substantial evidence. Discerning no error, we affirm.

Claimant was employed by Employer from July 3, 2011, until July 9, 2015, when she was suspended pending an investigation and subsequently discharged on July 15, 2015. At the time of her discharge, Claimant was a full-time family therapist counselor 2, the duties of which include traveling to and from client appointments at locations outside the office. Employer would then reimburse Claimant's mileage upon her submission of a travel expense form completed pursuant to Employer's expense reimbursement policy. Claimant filed an internet claim for UC benefits, stating that she was discharged for violating Employer's work rule regarding the falsification of documentation, which she denied. (Internet Initial Claims, R. Item 2.) The Altoona UC Service Center found that Claimant was ineligible for benefits under Section 402(e) of the Law, concluding that Employer met its burden of proving that Claimant's actions in falsifying her mileage traveled constituted willful misconduct and that Claimant did not show good cause for her actions.

Claimant appealed to the Referee, asserting that her actions did not constitute willful misconduct, she followed Employer's rules and performed her work duties to the best of her ability, and she requested a hearing. (Claimant's Petition for Appeal, R. Item 6.) After numerous continuances, a hearing on Claimant's appeal was held before the Referee on October 1, 2015. Claimant appeared, with counsel, and testified. Employer appeared with its Tax Consultant Representative (Tax Consultant) and two witnesses, Employer's Executive Director (Executive Director) and Clinical Team Leader. Documentary evidence was also entered into evidence.[3]

---

[3] Numerous documents were entered into evidence, including Claimant's signed Acknowledgment of Employer's Expense Reimbursement Policy and certification of compliance

2

Following the hearing, the Referee affirmed the UC Service Center's determination and concluded that Claimant was ineligible for benefits under Section 402(e) of the Law. The Referee did not credit Claimant's testimony that she reported her mileage correctly. While acknowledging that some of Employer's own calculations obtained via MapQuest[4] and used to verify Claimant's mileage were inaccurate, "[C]laimant's reported miles should have been approximately 35 miles less than . . . [E]mployer's calculations[,]" and in some instances, Claimant's miles exceeded Employer's calculations by over 100 miles. (Referee Decision at 2; Finding of Fact (FOF) ¶ 6.) The Referee determined that there was no other reason for the "vast discrepanc[ies]" in Claimant's reported miles other than that she falsified her reported mileage. (Referee's Decision at 2.) The Referee concluded that Claimant's conduct constituted willful misconduct, in that she acted in disregard of Employer's interests and the standards of behavior that Employer has a right to expect of its employees.

Claimant appealed to the Board, arguing that the Referee erred by improperly overruling her repeated hearsay objections to the testimony of Employer's witnesses because Employer did not present any competent evidence to support Employer's own calculations, obtained via MapQuest, of Claimant's mileage or that Claimant's mileage was inaccurate or falsified. (Claimant's Petition for Appeal to the Bd., R. Item 11.) Claimant also argued, generally, that her actions do not constitute willful misconduct.

_____

with Employer's Compliance Program and Code of Conduct, (Serv. Ctr. Exs. 6-7), a document indicating Claimant's successful completion of Code of Conduct training, (*id.*, Ex. 8), and Employer's Code of Conduct, (*id.*, Exs. 9-10). Employer offered Claimant's expense forms for May 2015 and June 2015, (Employer Exs. 1-2, R.R. at 64a-67a), and Employer's Expense Reimbursement Policy, (*id.*, Ex. 3, R.R. at 69a-73a).

[4] MapQuest is a free online mapping service.

3

The Board affirmed the Referee's Decision, but made its own findings of fact, in relevant part, as follows:

2. As part of her job duties, the claimant would drive to client locations.

3. The employer has an expense reimbursement policy that reimburses mileage to and from the employer's location in Mechanicsburg, PA to the client location. Employees are required to accurately record their actual trip and mileage. Employees can use their odometer or Mapquest.com.

4. The claimant was or should have been aware of the employer's policy.

5. When the executive director reviewed the claimant's expense report for June 2015, she noticed that the claimant recorded driving 110 miles between Newville, Carlisle, and Harrisburg, PA to visit clients. On another date the claimant recorded driving 182 miles between York, Carlisle, and Harrisburg, PA to visit clients.

6. The employer began an investigation into the claimant's reported expenses for May and June 2015.

7. The employer matched the client initials on the form with the client's address and used Mapquest to determine the distance from the employer's office, if that was where the claimant indicated she left from or returned to, or, otherwise, the claimant's home address in Harrisburg.

8. For the month of June 2015, the claimant reported 3,246 miles driven, when the employer calculated a maximum of 1,903 miles driven.

9. For the month of May 2015, the claimant reported 3,200 miles driven, when the employer calculated a maximum of 1,900 miles driven.

10. The employer also tried different routes to try to make sense of the claimant's numbers.

4

11. The claimant deliberately over-reported her mileage to obtain additional reimbursement. For example, on June 1, 2015, the claimant reported driving to York to Lancaster to two addresses in Carlisle and back for 222 miles, while the employer calculated the trip as 131.47 miles. On May 5, 2015, the claimant reported driving to Newville to Carlisle to three addresses in Harrisburg for 136 miles, while the employer calculated the trip as 75 miles.

12. On July 15, 2015, the executive director confronted the claimant about the mileage she reported. The claimant became emotional and upset, but could not explain the discrepancy between her numbers and the employer's numbers.

13. On July 15, 2015, the employer terminated the claimant's employment for over-reporting her mileage on the reimbursement forms.

(Bd. Decision, FOF ¶¶ 2-13.) The Board resolved the conflicts in the testimony in favor of Employer and credited the testimony of Employer's witnesses. (*Id.* at 3.) Specifically, the Board found that Clinical Team Leader credibly testified that Claimant's reported mileage "far exceeded any maximum [Clinical Team Leader] could calculate using Mapquest, which was an acceptable method for the employees to calculate and report mileage." (*Id.*) The Board rejected Claimant's argument that the Referee improperly overruled Claimant's hearsay objections to the testimony of Employer's witnesses on the basis that it "was not hearsay and was properly authenticated by . . . [Clinical Team Leader's testimony]." (*Id.*) The Board also rejected Claimant's testimony that, despite not always listing it on her expense forms, she sometimes returned to Employer's Mechanicsburg office between assignments, thus increasing her mileage, because Claimant did not mention that fact as a reason for the mileage discrepancies when questioned by Employer on July 15, 2015. (*Id.*) The Board further found that Claimant still over-reported her mileage even on those dates that she did list returning to the Mechanicsburg office. In

5

addition, the Board rejected Claimant's testimony that she was not given an opportunity to explain her side of the story at the meeting with Employer. (*Id.*) Accordingly, the Board affirmed the Referee's Decision finding Claimant ineligible for benefits under Section 402(e) of the Law and concluded that Claimant had not shown good cause for her actions. Claimant now petitions this Court for review of the Board's Order.[5]

On appeal,[6] Claimant first argues that some of the Board's findings are not supported by substantial evidence. Claimant challenges Findings of Fact Nos. 8-9, and 11, in which the Board found that Claimant "deliberately over-reported her mileage to obtain additional reimbursement[,]" which exceeded Employer's calculated maximum of miles driven in May 2015 and June 2015. (Bd. Decision, FOF ¶¶ 8-9, 11.) Claimant essentially argues that these findings are not supported by substantial evidence because the testimony of Employer's witnesses constitutes inadmissible hearsay. Claimant asserts that such testimony relied upon out-of-court statements, *i.e.*, MapQuest calculations, to prove that Claimant over-reported her

---

[5] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). The Board's findings are conclusive on appeal if the record, as a whole, contains substantial evidence to support the findings. *Mathis v. Unemployment Comp. Bd. of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Am. Gen. Life and Accident Ins. Co. v. Unemployment Comp. Bd. of Review*, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994). In determining whether the Board's findings are supported by substantial evidence, this Court must "view the record in the light most favorable to the party that prevailed before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence." *Big Mountain Imaging v. Unemployment Comp. Bd. of Review*, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012). The Board is the ultimate factfinder in UC cases and is, thus, empowered to make credibility determinations and resolve conflicts in the evidence presented. *Curran v. Unemployment Comp. Bd. of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000).

[6] We have reordered Claimant's arguments for ease of discussion.

mileage on her expense forms. Claimant points out that Employer did not know the routes she traveled and, because it did not ask her for an explanation, Employer did not have all the information it needed to accurately determine Claimant's mileage. As such, Claimant argues that there is no objectively verifiable evidence to support Employer's assertions regarding the distances Claimant traveled on a given day.

It is well-settled that "[h]earsay evidence, [p]roperly objected to, is not competent evidence to support a finding of the Board." *Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976). Although

> the admission of hearsay evidence is not reversible error when other competent evidence is received in support of the same proposition, such evidence alone cannot support a finding. It is true that such a finding can stand, however, when it has also been supported by competent evidence elicited . . . through questions suggested by the hearsay evidence received.

*Palmer v. Unemployment Comp. Bd. of Review*, 449 A.2d 126, 128 (Pa. Cmwlth. 1982) (citations omitted).

At the hearing, Claimant objected to the admission of her expense forms, which contained Clinical Team Leader's handwritten entries on Claimant's typed forms documenting the mileage Employer obtained from MapQuest to verify Claimant's reported mileage, and other testimony on the basis that such evidence was inadmissible hearsay unless Employer offered into evidence the MapQuest calculations. (Hr'g Tr. at 8-9, 11.) After the Referee elicited statements from Clinical Team Leader that she had, in fact, completed the handwritten information on the forms and explained her process for obtaining the mileage she recorded from MapQuest, the expense forms were admitted into evidence and the testimony proceeded over Claimant's objection that they constituted inadmissible hearsay. (*Id.* at 10-11.) The Board rejected Claimant's argument that the Referee erred in

7

overruling her hearsay objection on the basis that Employer's evidence was not hearsay. (*Id.* at 11; Bd. Decision at 3.) Hearsay is defined as "a statement that [] the declarant does not make while testifying at the current trial or hearing; and [] a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 801(c) of the Pennsylvania Rules of Evidence, Pa.R.E. 801(c). Because Employer offered the testimony of Clinical Team Leader regarding both the MapQuest calculations she had made and her notes on the expense forms, neither her testimony nor the expense forms were hearsay.[7]

Executive Director testified that she "was quite taken aback when" she saw the reported mileage on Claimant's expense forms because she is from Carlisle and is familiar with York, Newville, Harrisburg, and other areas to which Claimant has traveled. (Hr'g Tr. at 10.) Because the forms aroused suspicion, Executive Director directed Clinical Team Leader to investigate and verify Claimant's mileage using MapQuest. (Hr'g Tr. at 10.) Notably, it is acceptable for employees to use MapQuest to verify their mileage. (Hr'g Tr. at 12.) Clinical Team Leader then explained the process she used to verify Claimant's mileage for June 1, 2015. First, she looked up the client's home address, then verified that a session occurred there by looking at the corresponding progress note, and then, because there was no

---

[7] We recognize that the Superior Court has held that a trial court abused its discretion by taking judicial notice of a MapQuest distance determination because the site "is not so reliable that its accuracy cannot reasonably be questioned" and "does not have the same inherent accuracy as do professionally accepted medical dictionaries, or encyclopedias, or other matters of common knowledge within the community." *Commonwealth v. Brown*, 839 A.2d 433, 435-36 (Pa. Super. 2003) (criminal proceeding in which judicial notice of MapQuest was taken in order to determine whether to invoke a mandatory sentencing provision of the Crimes Code, 18 Pa. C.S. §§ 101-9546) (quotations omitted). However, in administrative proceedings, hearsay rules are relaxed, and "all relevant evidence of reasonably probative value may be received." Section 505 of the Administrative Agency Law, 2 Pa. C.S. § 505; *see Shapiro v. State Bd. of Accountancy*, 856 A.2d 864, 872 (Pa. Cmwlth. 2004).

indication that Claimant began at the Mechanicsburg office that day, Clinical Team Leader looked up the distance on MapQuest between Claimant's home address and the client's address for the first location listed on the form. (Hr'g Tr. at 18.) Clinical Team Leader testified that she followed that process for each of Claimant's typed entries on the forms, tried multiple routes, then handwrote her mileage findings in the third column on the forms, and printed out the MapQuest result for each entry.[8] (Hr'g Tr. at 19-21, 23.) Clinical Team Leader noted her MapQuest calculations of 131.47 miles for June 1, 2015, and 1903.1 miles total for the month of June, but that Claimant indicated on the form that she traveled 222 miles on June 1, 2015, and 3,246 miles total for June. (Hr'g Tr. at 19; R.R. at 64a-65a.) In addition, Claimant admitted that she does not record "every single little stop" she makes and she does "not include back to the office roundtrips," which are trips back to the office after her appointments that she frequently makes. (Hr'g Tr. at 32, 37.) While Claimant claims that she accurately recorded the miles she traveled, the Board found Executive Director's and Clinical Team Leader's evidence and testimony that their investigation of Claimant's reported mileage showed that Claimant had substantially over-reported her mileage in May and June 2015 to be more credible, which it was empowered to do. (Bd. Decision at 3; Hr'g Tr. at 8-12, 17-21, 24, 32, 37); *see Curran v. Unemployment Comp. Bd. of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Because Executive Director's and Clinical Team Leader's testimony, even in the presence of conflicting evidence as to the exact routes taken or number of miles traveled by Claimant on a given day, and Claimant's admission constitute "relevant evidence [that] a reasonable mind might accept as adequate to support [the] conclusion" that Claimant over-reported her mileage in May and June 2015, there is

---

[8] Employer did not offer the MapQuest results at the hearing.

substantial evidence to support these findings. *Am. Gen. Life and Accident Ins. Co. v. Unemployment Comp. Bd. of Review*, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994).

Claimant also challenges Finding of Fact No. 12, in which the Board found that, when confronted by Executive Director on July 15, 2015, "[C]laimant became emotional and upset, but could not explain the discrepancy between her numbers and . . . [E]mployer's numbers." (Bd. Decision, FOF ¶ 12.) Claimant argues that this finding is contrary to the evidence of record because Employer never asked her for an explanation. We disagree.

Executive Director credibly testified that Claimant became very emotional and upset at the July 15, 2015 termination meeting and that she asked Claimant to explain "the tremendous variance from [Clinical Team Leader's] Mapquest to [Claimant's]" mileage calculations, but Claimant "really didn't answer." (Hr'g Tr. at 14-16.) Claimant denied that she was given an opportunity to explain her story on July 15, 2015. (Hr'g Tr. at 38-39.) Despite Claimant's assertion, the Board rejected her testimony that she was not given a chance to explain anything at the July 15, 2015 meeting. (Bd. Decision at 3.) Because Executive Director's testimony constitutes "relevant evidence [that] a reasonable mind might accept as adequate to support [the] conclusion" that Claimant was afforded an opportunity to explain the mileage discrepancies but did not do so, there is substantial evidence to support this finding.[9] *Am. Gen. Life*, 648 A.2d at 1248.

---

[9] In her Statement of the Questions Involved in her brief, Claimant also appears to challenge Finding of Fact No. 13, in which the Board found that Employer terminated Claimant for over-reporting her mileage on her expense forms. (Claimant's Br. at 4; Bd. Decision, FOF ¶ 13.) However, Claimant does not develop any argument with regard to that finding in the Argument section of her brief. We, therefore, agree with the Board that the issue was not preserved. Even if Claimant did challenge Finding of Fact No. 13, there is substantial evidence to support that finding.

We next consider Claimant's argument that the Board erred in concluding that Claimant's actions constituted willful misconduct because Employer failed to sustain its burden of proof under Section 402(e) of the Law. Whether an employee's actions constitute willful misconduct is a question of law reviewable by this Court. *Reading Area Water Auth. v. Unemployment Comp. Bd. of Review*, 137 A.3d 658, 661 (Pa. Cmwlth. 2016). Section 402(e) of the Law provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which h[er] unemployment is due to h[er] discharge or temporary suspension from work for willful misconduct connected with h[er] work." 43 P.S. § 802(e). While the Law does not define "willful misconduct," our Court has defined it as:

> (1) a wanton or willful disregard for an employer's interests; (2) a deliberate violation of an employer's rules; (3) a disregard for standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Phila. Parking Auth. v. Unemployment Comp. Bd. of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). The falsification of an employer's records constitutes willful misconduct. *Diachenko v. Unemployment Comp. Bd. of Review*, 457 A.2d 207, 208 (Pa. Cmwlth. 1983). The employer bears the burden of proving a claimant's willful misconduct. *Spirnak v. Unemployment Comp. Bd. of Review*, 557 A.2d 451, 453 (Pa. Cmwlth. 1989). Moreover, as the prevailing party below, Employer "is entitled to the benefit of all reasonable inferences drawn from the evidence." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). If an employer makes a showing of willful misconduct, the burden shifts to the claimant to establish good cause for his or her actions. *Phila. Parking Auth.*, 1 A.3d at 968. A claimant has good cause for his or her actions if such actions are

11

justifiable and reasonable under the circumstances. *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631, 634 (Pa. 1976).

As previously stated above, Employer established that Claimant over-reported her mileage on her May and June 2015 expense forms. (Bd. Decision, FOF ¶¶ 5, 8-9, 11; Hr'g Tr. 10, 17-21, 23.) Claimant admitted that she does not record every stop she makes and does not include her trips back to the office between appointments, which are trips she frequently makes. (Bd. Decision at 3; Hr'g Tr. at 32, 37.) In turn, because Claimant over-reported her mileage and misrepresented other information on her expense forms, she was discharged for falsification of Employer's records. (Bd. Decision, FOF ¶¶ 5, 8-9, 11-12; Bd. Decision at 3.) Employer had a right to expect that its employee would accurately record the information requested on the expense forms, including **all** of the employee's whereabouts and mileage traveled to and from each destination. By misrepresenting both her whereabouts **and** mileage on her expense forms, Claimant knowingly disregarded Employer's interests and violated a standard that Employer had a right to expect from Claimant. Thus, Employer met its burden of proving that Claimant's actions in falsifying her expense reports constituted a disregard of Employer's interests, which constituted willful misconduct.

We also agree with the Board that Claimant has not established good cause for her actions. Claimant seeks to justify her misconduct by asserting that, although she did not always list it on her expense forms, she sometimes returned to Employer's Mechanicsburg office between assignments, thus increasing her mileage. When asked how Employer would know whether she had made "roundtrips" back to the office, Claimant responded that "[t]hey could ask me." (Hr'g Tr. at 42.) Claimant also attempts to justify her actions in not reporting every

12

stop she makes by asserting that she "wanted to save space on the form." (*Id.*) However, the Board rejected this testimony because Claimant "did not offer it as a reason for the discrepanc[ies] when questioned by . . . [E]mployer on July 15, 2015," and, even when Claimant listed that she went back to the Mechanicsburg office on the expense forms, she still over-reported her mileage. (Bd. Decision at 3.) Therefore, because Claimant disregarded Employer's interests by misrepresenting her mileage traveled on her expense forms, and because Claimant has not established good cause for doing so, the Board did not err in finding Claimant ineligible for benefits pursuant to Section 402(e) of the Law.

Accordingly, the Board's Order is affirmed.


_____
**RENÉE COHN JUBELIRER,** Judge


13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana A. Crall, : 
                Petitioner : 
                    : 
          v. :   No. 538 C.D. 2016
                    : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

## **O R D E R**

**NOW**, March 13, 2018, the March 9, 2016 Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** Judge